388 So.2d 386 (1980)
STATE of Louisiana ex rel. Clarence BRENTLY
v.
Hayden J. DEES, Warden, Dixon Correctional Institute, et al.
Nos. 65253, 65315.
Supreme Court of Louisiana.
September 12, 1980.
*387 Jennifer N. Willis, New Orleans, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, J. Marvin Montgomery, Asst. Attys. Gen., for defendants-respondents.
MARCUS, Justice.
Clarence Brently instituted this action in the Nineteenth Judicial District Court, Parish of East Baton Rouge, against the warden of Dixon Correctional Institute, the Secretary of the Department of Corrections and the governor of the State of Louisiana, seeking correction of the manner in which his prison sentences were computed. Defendants filed a peremptory exception of no right of action. The trial judge sustained the exception and dismissed Brently's suit. Upon Brently's application, we granted certiorari to review the correctness of this ruling.[1]
On October 5, 1972, relator appeared before Judge Fred S. Bowes, Twenty-Fourth Judicial District Court, Parish of Jefferson, and entered a plea of guilty to possession of heroin with intent to distribute, a violation of La.R.S. 40:971. He was sentenced to serve fifteen years at hard labor. Execution of the sentence was suspended and he was placed on probation for five years (No. 72-944).
On October 29, 1973, relator appeared before Judge Nestor L. Currault, Jr., Twenty-Fourth Judicial District Court, Parish of Jefferson, and entered a plea of guilty to distribution of heroin, a violation of La.R.S. 40:966(A). Relator was sentenced to serve fifteen years at hard labor. The court directed that the sentence be served concurrently with any sentence defendant was then serving (No. 73-1093).
Subsequently, Judge Bowes ordered relator's probation in No. 72-944 revoked and the sentence previously suspended made executory. He further directed that the sentence run consecutively with any other sentence defendant was then serving.
The Department of Corrections has computed relator's sentences as being consecutive. Relator contends his sentences are concurrent as ordered by Judge Currault. The issue, then, is which judge, Judge Currault, Judge Bowes, or both, had authority to determine whether relator's sentences were to be served concurrently or consecutively.
La.Code Crim.P. art. 901 provided as follows at the time of the revocation of relator's probation:
When a defendant who is on probation for a felony commits and is convicted of a felony under the laws of this state, another state, the United States, or the District *388 of Columbia, his probation may be revoked as of the date of the final conviction of the felony.
When a defendant who is under a suspended sentence or on probation for a misdemeanor commits and is convicted of any offense under the laws of this state, a political subdivision thereof, another state or a political subdivision thereof, the United States, or the District of Columbia, his suspended sentence or probation may be revoked as of the date of final conviction of the offense.
In cases of revocation provided for in this article:
(1) No credit shall be allowed for time spent on probation or for time elapsed during suspension of the sentence; and
(2) When the new conviction is a Louisiana conviction, the sentence shall run consecutively with the sentence for the new conviction, unless the court orders that they be served concurrently.
Under this article, "the court" could order that the sentences be served concurrently. Unfortunately the article was not explicit as to which court it refers, the court granting the suspension or probation or the court sentencing for the second offense, or both. Nevertheless, we consider that the court originally granting the suspension or probation was the only one authorized to determine whether the sentences were to be served concurrently or consecutively.
Generally, a court may amend or change the sentence imposed, within the legal limits of its discretion, only "prior to the beginning of execution of the sentence." La.Code Crim.P. art 881. Hence, absent express statutory authority, an imposed sentence cannot be amended or changed after its execution has commenced. Article 901 permits a limited exception to this rule.[2] It provided that, upon a final conviction of another felony, or in some cases, another misdemeanor, the court may revoke the suspension or probation. In such an event, the article authorizes the court to modify the originally imposed sentence to the extent of making the term of imprisonment consecutive with the sentence for the new conviction unless the court orders that they be served concurrently.
A court may suspend execution of the sentence imposed or may suspend the imposition of the sentence. In either case, it is discretionary with the court. We consider that it would be an unwarranted invasion of the discretion of the court that originally granted the suspension or probation to interpret art. 901 as allowing the court sentencing on the second conviction to determine how the originally imposed term of imprisonment or the sentence whose imposition had been suspended will be served in the event the court that originally granted the suspension or probation decides to revoke the suspension or probation.
Moreover, while La.Code Crim.P. art. 883 is authority for a court to order that a sentence of imprisonment be served concurrently or consecutively, where a court has granted suspension or probation, the court imposing a term of imprisonment for another conviction has no authority under this article to direct that it be served either consecutively or concurrently with a sentence whose execution or imposition has been suspended. Additionally, where the execution or imposition of a sentence has been suspended, the sentence may never become executory because revocation of suspension or probation is discretionary with the original court.
In sum, we conclude that "the court" in art. 901 refers to the original court granting the suspension or probation and not to the court imposing the sentence for the conviction of another offense. Accordingly, in the instant case, Judge Bowes, upon revoking relator's probation for his final conviction of another felony, had the authority to order that relator's sentence be served consecutively with the term of imprisonment imposed by Judge Currault.
*389 Our conclusion is supported by the legislative history of art. 901. Prior to the enactment of art. 901 in 1966, La.R.S. 15:538 provided "the court granting such suspension," upon final conviction of the second offense "shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment." With the enactment of the Code of Criminal Procedure, 1966 La. Acts, No. 310, several changes were made in probation revocation procedure and were noted in the Official Revision Comment. Among them were the placing of revocation and concurrent or consecutive running of the sentences within the discretion of the court. However, the Official Revision Comment does not mention any change in which court has authority to determine whether the sentences are to run concurrently or consecutively. Because the Comment mentions other changes but omits mention of this change, it seems clear that none was intended. Moreover, we note that the legislature in 1977 changed art. 901 to provide that "the court originally imposing the suspension or probation" is the only one with authority to determine whether the sentences are to run concurrently or consecutively. Because we had not previously construed art. 901 to the contrary, we are of the opinion that the 1977 change was merely a clarification of the legislative intent.

DECREE
The judgment of the district court dismissing relator's suit is affirmed.
NOTES
[1] 381 So.2d 1214 (La.1980).
[2] Another exception to this rule is provided by La.Code Crim.P. art. 894: "The court may suspend a misdemeanor sentence after the defendant has begun to serve the sentence."