BOUTALL, Judge.
Defendant Russell Triggs was charged by bill of information with possession of a controlled dangerous substance, Pentazo-cine, a violation of LSA-R.S. 40:967(C). Defendant pled guilty to the charge and pursuant to a plea bargain was sentenced to two years at hard labor. This appeal followed.
Two assignments of error are raised for our review: whether the trial court erred in resentencing defendant, and any and all errors patent on the face of the record.
The record shows that defendant was arrested for disturbing the peace and was found to be in possession of Pentazocine. At the time of the arrest, defendant was on probation for a conviction in Orleans Parish. After defendant’s arrest and conviction in the instant matter, defendant’s probation was revoked in Orleans Parish. A problem arose because the judge in the instant matter had sentenced defendant to a two year term in Parish Prison to run concurrently with the Orleans sentence, but the Orleans Parish judge sentenced defendant to two years to run consecutively with any other sentence. A series of resentencing proceedings followed and defendant was ultimately sentenced to a two year sentence at hard labor, with the trial judge specifically declining to state whether the sentence was to run consecutively or concurrently with the Orleans sentence. Defense counsel objected to the resentenc-ing because a concurrent sentence had been a part of the plea bargain under which defendant pled guilty.
We hold that the statutory law required a consecutive sentence and that the Orleans Parish court had the exclusive authority to determine whether concurrent sentences were to be served. Only the court originally imposing and then revoking the probation is granted power to order concurrent sentences by La.C.Cr.P. art. 901(C)(2) which provides in pertinent part:
⅜ * Sfc * * ⅜!
C. In cases of revocation provided for in this article:
(1) No credit shall be allowed for time spent on probation or for the time elapsed during suspension of the sentence; and
(2) When the new conviction is a Louisiana conviction, the sentence shall run consecutively with the sentence for the new conviction, unless the court originally imposing the suspension or probation specifically orders that said sentences are to be served concurrently in which case the court minutes shall reflect the date from which the sentences are to run concurrently. (Emphasis added)
See also State ex Rel. Brentley v. Dees, 388 So.2d 386 (La.1980). Because the Orleans Parish ordered consecutive sentences, the sentence of the Jefferson Parish court must run consecutively with the Orleans Parish sentence, in accordance with La.C. Cr.P. art. 901(C)(2).
In this assignment of error, defendant contends that although the original sentence violated La.C.Cr.P. article 901(C)(2), he is nevertheless entitled to specific per *4 formance of the plea bargain for a concurrent sentence. A similar argument was rejected in Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). In Mabry the defendant sought specific performance of a plea bargain which was denied on the ground the defendant pled guilty to the charge with a full understanding of the plea and the sentence to be imposed. In the instant case, the record reflects that the defendant (at his last re-sentencing hearing) was given the opportunity to withdraw his plea and stand trial, after being informed the original plea bargain was unenforceable. A discussion was held off the record where presumably the defendant discussed the matter with his attorney, came back on the record, declined the offer and in so doing waived the right to stand trial. We find that, as in Mabry, the instant defendant’s plea was knowingly and voluntarily made, with a full understanding of the consequences. Defendant cannot thus complain of the sentence imposed. The trial judge did not err in resen-tencing the defendant. Accordingly, the assignment lacks merit.
Defendant next assigns any and all errors patent on the face of the record. We have examined the record and have found none. Accordingly, the sentence is affirmed.
AFFIRMED.