607 So.2d 725 (1992)
STATE of Louisiana
v.
Vincent HENDERSON.
No. 91-KA-2609.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1992.
Harry F. Connick, Dist. Atty. of Orleans Parish, Valerie Welz, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff/appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before LOBRANO and JONES and WALTZER, JJ.
JONES, Judge.
Defendant, Vincent Henderson, appeals his conviction for simple burglary, a violation of La.R.S. 14:62. We affirm defendant's conviction but delete that portion of his sentence requiring that he serve time without benefit of parole or good time.
On the night of November 10, 1990, the burglar alarm at the Exxon service station located at the corner of Tulane and Broad Streets went off. Officer Lore went to the station. He saw that one of the windows in the station was broken. He then saw the defendant crawling around on the floor of the station with a wrench in his hand. He instructed the defendant to drop the wrench and come out. Once the defendant *726 complied, the officer read him his rights and arrested him.
The station was owned by Jack Votano. The alarm company had been instructed by Mr. Votano to contact James Rideau, a former employee, when the alarm went off, should the alarm company be unable to reach Mr. Votano. Consequently, the alarm company contacted Mr. Rideau, who went down to the station. He did not recognize the defendant, who had already been placed under arrest, and said that the defendant did not have permission to enter the station. Mr. Votano also testified that he did not know the defendant and had not given him permission to enter the station. Nothing was found to be missing from the station.
The defendant testified in his own behalf. In his rambling and disjointed testimony, he said that, on the night of the crime, he was walking down Broad Street on the way to the store when Officer Lore approached him and instructed him to break into the station for some unknown reason. The defendant went back home to his mother's house nearby, allegedly to get some more money to buy something at the store, and obtained a wrench. He then broke into the station.
The defendant was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. He pled not guilty at his arraignment. At trial, he was found guilty as charged by the jury and sentenced as a third felony offender to eight years at hard labor without benefit of parole or good time, credit for time served, and court costs were waived.
A review of the record for errors patent reveals that neither La.R.S. 14:62 or La.R.S. 15:529.1, the two statutes under which defendant was sentenced, requires that the sentence be served without the benefit of parole. The defendant's eligibility for parole should be left to the determination of the Department of Corrections in accordance with La.R.S. 15:574.4. The trial court erred in denying parole eligibility. State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989).
Furthermore, neither statute under which defendant was sentenced provides for the denial of good time, although as a multiple offender the defendant may be ineligible under La.R.S. 15:571.3. This Court has held that a trial court may not deny a defendant good time credits even though he may be ineligible by law. State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988), writ den. State ex rel. Melancon v. State 582 So.2d 860 (La.1991). The trial court erred in denying defendant good time.
By its first assignment of error, the defense asserts that the trial court erred in allowing the trial to continue once it allegedly became apparent during the defendant's testimony that the defendant was incompetent to stand trial. The defense urges this court to remand the case to the trial court for an evidentiary hearing on this matter.
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant lacks the capacity to understand the proceedings against him or to assist in his defense. La.C.Cr.P. art. 641; State v. Bickham, 404 So.2d 929 (La. 1981). A person found to be mentally incapable to proceed may not be subjected to a trial. State v. Rogers, 419 So.2d 840 (La.1982).
The issue of whether a defendant is mentally incapable to proceed may be raised at any time, by the defense, the district attorney or the court. La.C.Cr.P. art. 642. Once the issue of the defendant's mental capacity to proceed is raised, the trial judge shall order a mental examination only if the trial judge has reasonable grounds to doubt the defendant's mental capacity. State v. Harris, 406 So.2d 128 (La.1981); Bickham, supra. Because a presumption of sanity exists, the defendant carries the burden of proving by a preponderance of the evidence that he lacks the capacity to understand the proceedings against him or to assist in his defense. Rogers, supra; State v. Wilkerson, 403 So.2d 652 (La.1981). If the evidence shows that it is more probable than not that the defendant lacks the mental capacity to proceed, the criminal prosecution must be suspended. *727 Rogers, supra. The trial court's determination regarding whether reasonable grounds exist to doubt the defendant's mental capacity and to warrant the appointment of a sanity commission are entitled to great weight and will not be disturbed absent an abuse of discretion. Bickham, supra.
In this case, neither the defense nor the district attorney questioned the defendant's mental capacity to stand trial, or moved the court to appoint a sanity commission before or during trial. The trial court on its own motion did not, after hearing the defendant testify at trial, stop the proceedings so that the defendant's competency could be determined.
After the trial ended, while the jury was deliberating, defense counsel moved for a mistrial based primarily upon the fact that he had been unable to prepare the case for trial. In his argument, defense counsel said that he had not talked to the defendant the day before the trial. He noted that "obviously, Mr. Henderson was not prepared to give testimony" and that "there is no way Mr. Henderson's testimony could be deemed, to be any way helpful to him whatsoever." The defense counsel did not assert that the defendant was incompetent to stand trial.
The issue of incompetence is being raised for the first time by appeal counsel. Appeal counsel argues that once the trial court began to hear the defendant's testimony, he should have realized that the defendant's competency was questionable and stopped the trial until this issue was resolved. At trial, the defendant testified that on the night of November 10, 1990 at around 9:00 p.m. he left the house where he lived with his mother to go to the store to buy something to eat. On the way to the store, Officer Lore drove up Broad Street in a police car and asked him if he had seen two people coming out of the gas station. He told the officer that he had not. He decided that he needed to go home to get some more money to buy things at the store. He asked the officer if he was free to leave. The officer allegedly told him that since he had earlier thought that someone was breaking into the station, he wanted the defendant to go home and then come back and break into the station while the officer left to investigate a stake-out. The defendant testified that he then went home, got a wrench and broke into the station. He testified that he did not know how the wrench got into his hand and that he went to the station without being aware that he was doing so. These last two statements were never really explained.
The defendant's testimony was rambling and sometimes disconnected and unclear. Defendant eventually responded to the questions asked him. We are not inclined to say that the trial court erred in allowing the case to proceed based upon the contention that the defendant was incompetent to proceed when that issue was never raised. Although we agree with appeal counsel that defendant's testimony can not be said to have been in any way helpful to him, we believe his arguments may be better presented in an application for post-conviction relief.
For the foregoing reasons, we affirm the defendant's conviction and sentence, deleting that portion of the sentence requiring that defendant serve time without benefit of parole or good time.
AFFIRMED AS AMENDED.