699 So.2d 424 (1997)
STATE of Louisiana
v.
Paul Jason KENDRICK.
No. CR96-1636.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1997.
*426 Robert Richard Bryant, Jr., Susan K. Roche, Lake Charles, for State.
Edward K. Bauman, Lake Charles, for Paul Jason Kendrick.
Paul Jason Kendrick, pro se.
Before SAUNDERS, WOODARD and AMY, JJ.
SAUNDERS, Judge.
On October 5, 1993, defendant, Paul Jason Kendrick, was charged by bill of information (Case No. 11884-93) with one (1) count of issuing worthless checks, value exceeding $500, a violation of La.R.S. 14:71. On October 29, 1993, Defendant was charged by bill of information (Case No. 11947-93) with one (1) count of theft, value exceeding $500, a violation of La.R.S. 14:67, and with one (1) count of forgery, a violation of La.R.S. 14:72. On November 17, 1993, the theft charge (Case No. 11947-93) was dismissed by the State. Thereafter, Defendant withdrew all previously entered pleas of not guilty, waived reading of the bills of information on any offenses not subjects of earlier pleas, and entered pleas of guilty to the remaining charges of issuing worthless checks (Case No. 11884-93) and forgery (Case No. 11947-93). A Waiver of Constitutional Rights and Plea of Guilty form was signed and submitted by Defendant. Judge Planchard accepted the joint sentencing recommendation, deferred imposition of sentence, and placed Defendant on five (5) years supervised probation with special conditions for the issuing worthless checks conviction and five (5) years supervised probation with special conditions for the forgery conviction, with each running concurrently.
Subsequently, on August 5, 1994, Defendant, along with three (3) co-defendants, was charged by bill of information (Case No. 14068-94) with one (1) count of theft, value exceeding $500, a violation of La.R.S. 14:67. On July 12, 1995, Defendant was charged by bill of information (Case No. 12586-95) with nine (9) counts of forgery, in violation of La.R.S. 14:72. Defendant initially pled not guilty to the charges. On October 16, 1995, defendant withdrew his pleas of not guilty and tendered pleas of guilty to the charges of theft (Case No. 14068-94) and forgery (Case No. 12586-95). A Waiver of Constitutional Rights and Plea of Guilty form was signed and submitted by Defendant. Thereafter, Judge Godwin accepted Defendant's pleas of guilty and ordered a Pre-Sentence Investigation. On October 24, 1995, the State filed a habitual offender bill (Case No. 16854-95) which charged Defendant as a Second Felony *427 Offender, pursuant to La.R.S. 15:529.1. On December 13, 1995, a sentencing hearing was conducted at which Defendant waived his right to a habitual offender hearing and admitted the allegations contained in the habitual offender bill. Thereafter, Judge Godwin sentenced Defendant to serve eight (8) years at hard labor on each count with sentences running concurrently and with credit for time served, and later amended the minutes to clarify that the counts included were one (1) count of theft (Case No. 14068-94) and nine (9) counts of forgery (Case No. 12586-95).
Prior to the December 13, 1995, sentencing hearing, Defendant had appeared and denied allegations of probation violations with respect to his previous convictions for issuing worthless checks (Case No. 11884-93) and forgery (Case No. 11947-93). After being sentenced on the new charges on December 13, 1995, Defendant waived his right to a probation revocation hearing and was sentenced by Judge Godwin to serve five (5) years at hard labor on each count with credit for time served, with the eight (8) year sentence imposed for the new charges to be served consecutively, for a total of thirteen (13) years. Defense counsel noted an objection "to the imposition of the sentence in a consecutive manner" and stated the defense's intent to "appeal the sentencing of the court."
Defense counsel timely filed a Motion to Reconsider Sentence which was denied by the district court in a hearing held on March 29, 1996. On September 20, 1996, Defendant, proceeding pro se, filed a motion to appeal his sentence. By order of October 15, 1996, the district court granted Defendant an out of time appeal. On appeal, Defendant asserts ten (10) pro se assignments of error; appellate counsel further asserts excessiveness of sentence.[1]

FACTS
The October 5, 1993, charge against Defendant for issuing worthless checks (Case No. 11884-93) involved twenty-two (22) checks totaling $3,341.71 issued between the dates of April 19, 1993, and August 29, 1993. The October 29, 1993, charges against Defendant (Case No. 11947-93) involved the theft and forgery of a $3,500.00 check, which occurred on or about May 28, 1993.
The August 5, 1994, charge of theft (Case No. 14068-94) resulted after approximately $1,684.04 in cash and an amount in traveler's checks were stolen from the Days Inn Motel, Defendant's place of employment, on June 26, 1994. Defendant initially reported the incident as a robbery, but later admitted that he was involved in a plot with his co-defendants to steal the money.
The July 12, 1995, charge of forgery (Case No. 12586-95) involved nine (9) checks which were stolen from four (4) different sources, forged, and transferred. These events took place on or about May 6, 1994, February 9, 1995, March 22, 1995, and May 23, 1995. The total amount of the checks exceeded $4,000.00.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. Errors patent were discovered involving the trial court's sentencing on Defendant's probation violation. In 1993, Defendant was charged with issuing worthless checks (Case No. 11884-93), theft and forgery (Case No. 11947-93). Pursuant to a plea agreement, the state dismissed the theft charge contained in Case No. 11947-93. Judge Planchard deferred imposition of sentence on the convictions for issuing worthless checks and forgery (the "old charges") and placed Defendant on five (5) years probation.
In 1995, with Judge Godwin presiding, Defendant was convicted on new charges of theft (Case No. 14068-94) and forgery (Case *428 No. 12586-95). At the sentencing hearing after Defendant was sentenced on the "new charges," the State requested that Judge Godwin dispose of the matter of the probation violation "under 11947-93, on prior charges of issuing worthless checks and forgery;" however, the State neglected to call out Case No. 11884-93, the proper docket number for the issuing worthless checks charge. After Defendant waived a formal probation violation hearing, Judge Godwin imposed a sentence on the old charges of:
5 years on each count of the one count of forgery and one count of theft, under those docket numbers, at hard labor ... and the sentence on yourthe new charges that I just imposed, will be consecutive to this present sentence. (Emphasis added).
The minutes reflect that Defendant was sentenced:
[a]s to # 11947-93 ... to serve five (5) years ... at hard labor on each count consecutive to 12586-95 for a total of thirteen (13) years ...
As the theft charge under Case No. 11947-93 was previously dismissed by the State, sentence should have been imposed on one count of forgery (Case No. 11947-93) and one count of issuing worthless checks (Case No. 11884-93). Because the sentence imposed on the dismissed theft count was not based on a valid and sufficient verdict, judgment, or guilty plea, the sentence imposed on the count of theft was illegal. La.Code Crim.P. art. 872(3). Additionally, no sentence has yet been imposed on the issuing worthless checks charge. Thus, the five (5) year sentence imposed for the count of theft (Case No. 11947-93) is vacated and the matter is remanded to the district court for sentencing on the issuing worthless checks charge (Case No. 11884-93).
However, this court further notes that, in 1993, Judge Planchard deferred imposition of sentence on the old charges and granted Defendant probation pursuant to La. Code Crim.P. art. 893. In 1995, it was Judge Godwin who revoked Defendant's probation, imposed sentence on the old charges, and further ordered that the sentence on the new felony convictions be consecutive to the sentence on the old charges. La.Code Crim.P. art. 901 provides a basis for revocation of probation when a defendant who is on probation commits another offense; however, such revocation is not mandatory. Pertinent to this discussion is Article 901(C)(2) which provides as follows:
C. In cases of revocation provided for in this Article:
....
(2) When the new conviction is a Louisiana conviction, the sentence shall run consecutively with the sentence for the new conviction, unless the court originally imposing the suspension or probation specifically orders that said sentences are to be served concurrently, in which case the court minutes shall reflect the date from which the sentences are to run concurrently. (Emphasis added).
The jurisprudence interpreting Article 901(C)(2) has consistently held that the decision in a probation violation situation to make the sentence on new charges concurrent or consecutive with the sentence on prior charges must be made in a revocation hearing by the court that originally granted probation. Hence, the judge presiding over the second conviction lacks authority to order concurrent or consecutive sentences. State v. Ester, 436 So.2d 543 (La.1983); State v. Marshall, 422 So.2d 1162 (La.1982); State ex rel. Brently v. Dees, 388 So.2d 386 (La.1980); State v. Cooper, 93-863 (La.App. 5 Cir. 3/16/94); 635 So.2d 301; State v. Smith, 595 So.2d 813 (La.App. 2 Cir.1992); State v. Harmon, 594 So.2d 1054 (La.App. 3 Cir.), writ denied, 609 So.2d 222 (La.1992).
In Harmon, 594 So.2d 1054, the trial court imposed sentence and ordered that the sentence run consecutively to a sentence pending in Texas for a probation violation. This court held that the trial court lacked authority to run its sentence consecutively to the sentence on the probation violation and therefore amended the defendant's sentence and ordered "[t]hat portion of defendant's sentence, ordering it to run consecutively with any sentence imposed in Texas as a result of the violation of defendant's probation in Texas, ... [be] vacated." Harmon, 594 So.2d at 1062.
*429 The landmark case on the issue, Brently, 388 So.2d 386, involved two convictions which occurred in the same judicial district court, but with different judges presiding, as in the case sub judice. In Brently, the defendant was convicted on narcotics charges, given a suspended sentence, and placed on probation. One year later, the defendant was convicted on new narcotics charges and sentenced by another judge, who ordered the sentence on the new charges be concurrent to any other sentences. Thereafter, the first judge revoked the defendant's probation, made his previously suspended sentence executory, and further ordered that the sentence be served consecutively to any other sentences. The Louisiana Supreme Court upheld the sentencing of the first judge after concluding that the first judge had exclusive authority to determine whether or not the sentences would be concurrent or consecutive. The court explained this policy as follows:
A court may suspend execution of the sentence imposed or may suspend the imposition of the sentence. In either case, it is discretionary with the court. We consider that it would be an unwarranted invasion of the discretion of the court that originally granted the suspension or probation to interpret art. 901 as allowing the court sentencing on the second conviction to determine how the originally imposed term of imprisonment or the sentence whose imposition had been suspended will be served in the event the court that originally granted the suspension or probation decides to revoke the suspension or probation.
Brently, 388 So.2d at 388.[2]
Thus, it is evident that Judge Godwin lacked authority to order the sentences on the new convictions be served consecutively to the sentences imposed for Defendant's probation revocation.
However, Judge Godwin not only ordered consecutive sentences, he also revoked Defendant's probation and imposed sentence on the prior charges. Generally, the matter of probation revocation is left to the court which originally granted probation. Implicit in the reasoning of the Brently court, which was faced with sentences imposed by two judges from the same judicial district court, is the point that the issue of probation revocation should be returned to the judge who originally granted the probation. The Brently court, in discussing La.Code Crim.P. art. 883 which establishes the general authority for courts to grant concurrent and consecutive sentences, stated:
Moreover, while La.Code Crim.P. art. 883 is authority for a court to order that a sentence of imprisonment be served concurrently or consecutively, where a court has granted suspension or probation, the court imposing a term of imprisonment for another conviction has no authority under this article to direct that it be served either consecutively or concurrently with a sentence whose execution or imposition has been suspended. Additionally, where the execution or imposition of a sentence has been suspended, the sentence may never become executory because revocation of suspension or probation is discretionary with the original court.

Brently, 388 So.2d at 388.
Moreover, if the court which originally suspended execution or imposition of sentence and granted probation has sole discretion on the issue of running the sentences on the old and new charges concurrently or consecutively in the event of a probation violation, then it follows that the original court would likewise have sole discretion in actually revoking probation and imposing sentence on the old charges. As in the case sub judice, when probation is violated in a case in which imposition of sentence was previously deferred, the matter should be returned to the original judge for revocation of probation and imposition of sentence and for a determination on the issue of concurrent or consecutive sentences. Thus, we conclude that Judge Godwin lacked authority to act on Defendant's probation violation, impose sentence, and further order that the *430 sentence on the new charges run consecutively with that on the old charges.
Accordingly, we vacate the five (5) year sentences imposed on both counts with respect to Defendant's probation violation and further order the district court to delete the provision under which the sentences on the new convictions (Case Nos. 14068-94, 12586-95, 16854-95) were to run consecutively to the sentences imposed for the probation violation. Additionally, we remand the matter of disposition of the Defendant's probation violation to the court which originally suspended imposition of sentence.

ASSIGNMENT OF ERROR
Appellate counsel for Defendant asserts that the imposed sentence was excessive. Specifically, counsel objects to Judge Godwin's order that the sentences imposed on the new charges run consecutively to the sentences imposed on the old charges for a total sentence of thirteen (13) years. Previously we concluded that Judge Godwin lacked authority to dispose of the matter of Defendant's probation violation and therefore vacate the five (5) year sentences imposed on the two (2) prior counts, thus, this assignment is moot.

PRO SE ASSIGNMENT OF ERROR NO. 1
Defendant's first pro se assignment of error involves the imposition of an illegal sentence for the offense of theft (Case No. 11947-93), a charge which was dismissed by the State in 1993. This issue has already been reviewed by this court as an error patent.

PRO SE ASSIGNMENT OF ERROR NO. 2 & 8
Defendant's second and eighth pro se assignments deal with Defendant's plea(s) of guilty. Defendant asserts that the trial court failed to advise him of certain rights before accepting his plea of guilty, and as a consequence, his guilty plea is invalid. According to Defendant, he should have been advised of eleven rights which include:
the right to know the meaning of reasonable doubt, the right to know the type of jury trial in which the defendant is entitled, the right to have any statements or confessions surpressed [sic], the grounds for surpression [sic] and the procedures, the fact that going to trial will not increase the penalty if he is found guilty, and the fact that he ought not plead guilty if considering all of the above, he feels as though he is not guilty.
A trial court is required to advise a defendant who wishes to plead guilty of at least three (3) specific rights which must be waived, before a guilty plea will be found intelligent and voluntary. These rights, commonly referred to as Boykin rights, are the right to a jury trial, the right to confront the defendant's accusers, and the privilege against self-incrimination. State v. Godejohn, 425 So.2d 750 (La.1983); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). In the case sub judice, the trial court advised the Defendant that he would be waiving the three (3) Boykin rights with his guilty plea, and thereafter went beyond this requirement by discussing additional consequences of his plea. Consequently, we find that the trial court met its obligation and properly advised and questioned Defendant prior to accepting his guilty plea.
Defendant further asserts that the trial court abused its discretionary powers in sentencing him, as Defendant proclaimed his innocence to the trial court prior to sentencing and the court did not allow Defendant to withdraw his plea of guilty. However, Defendant states that he did not directly ask the trial court to withdraw the plea prior to sentencing and further contends that the trial court should have withdrawn the plea on its own motion. The proclamation of innocence that Defendant references occurred during the sentencing hearing when the court was discussing aggravating circumstances, as follows:
THE COURT:
[Y]ou, according to the pre-sentence report, still deny your participation in several of these forgeries, except for a couple of them. Whereas to this Court the proof that exists, and your plea says different, *431 your plea of guilty says different, although... the probation officer reports to me that you say you knew nothing about any of the forged checks you're presently charged with; you only pled guilty because you had no choice and that your attorney wouldn't fight for you. Then you later admitted that you stole two checks from University Food Mart, where you were employed, and you forged and cashed those two checks. And that's still your position, you're denying you're guilty of the other forgeries?
MR. KENDRICK:
Yes, sir.
THE COURT:
Yeah. Well, the proof is an awful strong indicator, plus you've pled guilty to it....
Later, the following exchange took place between the trial court and defense counsel.
MR. ORTEGO:
I might point out; it shows his candor to the Court, though, when the Court indicates that an aggravating circumstance is his continual refusal to acknowledge guilt of certain charges when the Court asked him if he continues to deny that guilt, and he continues to deny that guilt.
THE COURT:
Yeah.
MR. ORTEGO:
Which indicates he's
THE COURT:
And I don't believe him.
MR. ORTEGO:
But he's being candid with the Court, knowing that the Court finds that as an aggravating circumstance.
THE COURT:
Well, there's two different interpretations to put on that ...
In State v. Rios, 95-00961 (La.App. 3 Cir. 3/6/96); 670 So.2d 708, 710, this court discussed withdrawal of a guilty plea as follows:
La.Code Crim.P. art. 559 provides that "[t]he court may permit a plea of guilty to be withdrawn at any time before sentence." The Louisiana Supreme Court has consistently held that the discretion to permit a guilty plea to be withdrawn is vested in the trial judge. That discretion, however, cannot be exercised arbitrarily. State v. Johnson, 406 So.2d 569 (La.1981). In State v. Barnes, 596 So.2d 302 (La.App. 3 Cir.1992), citing State v. Jones, 546 So.2d 1343 (La.App. 3 Cir.1989), this court held that, "[a]fter sentence has been imposed, a guilty plea may be withdrawn only if it is shown that the plea is constitutionally infirm..." A guilty plea will not be considered constitutionally valid unless it is made voluntarily by the defendant and with an understanding of the nature of the consequences of his plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)....
In the case sub judice, it was within the trial court's discretion, prior to sentencing, to permit Defendant to withdraw his plea of guilty. Although the trial court was informed of Defendant's assertions of innocence, at least with respect to some of the charges, this information first came to the court by way of the Pre-Sentence Investigation Report. The trial court viewed the Defendant's denial of guilt as an aggravating circumstance. Moreover, when the trial court questioned Defendant as to his assertions of innocence, Defendant did not specifically request to be allowed to withdraw his guilty plea. Thus, the trial court did not act arbitrarily in failing to ask the Defendant if he wished to withdraw his plea of guilty.

PRO SE ASSIGNMENT OF ERROR NO. 3 & 7
The third and seventh pro se assignments involve the five (5) year sentence imposed in Docket No. 11947-93 in which Defendant notes that the trial court considered "offenses for which there has been no sanction imposed, and won't be." The basis for these assignments is the trial court's failure to sentence Defendant on the charge of issuing worthless checks; an issue addressed in the error patent review.

PRO SE ASSIGNMENT OF ERROR NO. 4
Defendant's fourth pro se assignment of error involves the issue of mental capacity to proceed. Defendant asserts that he has "a *432 record of severe, as well as emotional problems, which stem back to his childhood," that the trial court was aware of his mental condition, and that the court erred by failing to order Defendant to undergo psychoanalysis prior to plea and sentencing. However, Defendant did not raise the issue of incapacity in the trial court.
Nevertheless, the issue of a defendant's capacity to proceed may be raised at any time by the defense, the state, or the court. La.Code Crim.P. art. 642. When the trial court has reasonable grounds to doubt a defendant's mental capacity to proceed, the court must order the defendant to undergo a mental examination. La.Code Crim.P. art. 643. The defendant bears the burden of showing by a clear preponderance of the evidence that reasonable grounds exist to doubt defendant's capacity to proceed. State v. Wilkerson, 403 So.2d 652 (La.1981); State v. Saddler, 538 So.2d 1073 (La.App. 3 Cir. 1989), writ granted, reversed on other grounds, 549 So.2d 1236 (La.1989). Specifically, the defendant must establish reasonable grounds for the trial judge to believe that he is mentally defective or lacks the capacity to understand the proceedings against him or to assist in his defense before the court is required to appoint a sanity commission. State v. Rogers, 419 So.2d 840 (La.1982).
Defendant's mental condition was not raised prior to the time of his guilty plea nor at any other time before Judge Godwin. However, according to the Pre-Sentence Investigation Report ordered by Judge Godwin, Defendant's biological father molested him until he was eleven (11) years old, and Defendant was under the care of a psychiatrist from ages eleven (11) to nineteen (19), had attempted suicide twice, and at one point had admitted himself to a counseling center. At sentencing in 1995, Defendant was twenty-one (21) years old. The PSI also stated that Defendant believed himself to have multiple personalities. During the sentencing hearing, Judge Godwin recognized Defendant's psychological history as follows:
It does appear that you certainly do have some problems historically in your emotional adjustment. I can't cure all that up here in this sentencing.
Aside from Defendant's psychological background being noted in the Pre-Sentence Investigation Report, there is nothing obvious from the record that should have raised the trial court's suspicion and promoted the court to order a mental exam on its own. Defendant, in the case sub judice, did not affirmatively assert the issue of his mental incapacity to the trial court; the issue is now being raised for the first time on appeal. As the existence of reasonable grounds to doubt Defendant's capacity to proceed was never established, the trial court did not err by failing to order a mental examination. State v. Henderson, 607 So.2d 725 (La.App. 4 Cir.1992). See also State v. Mitchell, 580 So.2d 1006 (La.App. 3 Cir.1991), writ denied, 613 So.2d 969 (La.1993); State v. Goins, 568 So.2d 231 (La.App. 3 Cir.1990), writ denied, 573 So.2d 1117 (La.1991). Thus, this assignment lacks merit.
However, the conclusion that the trial court did not err with respect to this matter does not bar the Defendant from contending in an application for post-conviction relief that he did in fact lack the requisite mental capacity to proceed at the time of his guilty plea and/or sentencing. Thus, the issue of actual capacity to proceed should be raised in an application for post-conviction relief in order to facilitate the holding of an evidentiary hearing on the issue. See Henderson, 607 So.2d 725.

PRO SE ASSIGNMENT OF ERROR NO. 5
Next, Defendant asserts that the trial court was unfair and biased. The only specific conduct that the Defendant points to in support of this claim is a statement made by the trial court during the sentencing hearing in which the court indicated that it did not believe the Defendant when he asserted his innocence with respect to some of the charges.
Defendant failed to move for recusal of the trial judge. Thus, this alleged error is waived. La.Code Crim.P. arts. 671 and 674; State v. Crothers, 278 So.2d 12 (La.1973); *433 State v. Williams, 580 So.2d 448 (La.App. 5 Cir.1991); State v. Higginbotham, 541 So.2d 348 (La.App. 2 Cir.1989); writ granted, decided on other grounds, 556 So.2d 28 (La. 1990).
Furthermore, it is settled law that a trial judge is presumed to be impartial. To have been entitled to recusation of the trial judge in the case sub judice, Defendant was required to point to bias of a substantial nature, based on more than mere conclusory allegations. State v. Edwards, 420 So.2d 663 (La.1982); State v. Boudreaux, 95-153 (La.App. 5 Cir. 9/20/95); 662 So.2d 22; State v. Brown, 438 So.2d 1202 (La.App. 3 Cir.1983), writ denied, 443 So.2d 1125 (La. 1984). This one statement referred to by Defendant does not show bias on the part of the trial judge and would not have supported a motion for recusal had one been filed. Therefore, this assignment lacks merit.

PRO SE ASSIGNMENT OF ERROR NO. 6
Next, Defendant asserts that prosecution was not properly initiated as the record on appeal does not contain a bill of information for the charge of issuing worthless checks (Case No. 11884-93). As stated previously, the State, at sentencing, neglected to call out Case No. 11884-93, the proper docket number on the charge of issuing worthless checks. After sentencing, defense counsel made an oral motion for appeal and stated its intent "to appeal the sentencing of the court." However, as a result of oversight and sentencing errors, No. 11884-93 was excluded from the order for appeal. This court requested that the record be supplemented to include Docket No. 11884-93. The missing bill of information Defendant references does exist and is now contained in the record. Therefore, this assignment lacks merit.

PRO SE ASSIGNMENT OF ERROR NO. 9
Defendant, proceeding pro se, asserts as his ninth assignment of error ineffective assistance of counsel. Defendant contends that his attorney did not act in Defendant's best interest, was biased in favor of the State, and did not fulfill his responsibilities as trial counsel. However, a claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief. State v. Burkhalter, 428 So.2d 449 (La.1983). This enables the district judge to order a full evidentiary hearing on the matter. If the record contains evidence sufficient to decide the issue, and the issue is raised on appeal by an assignment of error, the issue should be considered. State v. Seiss, 428 So.2d 444 (La.1983). In the case sub judice, Defendant asserts that his claim of ineffectiveness of counsel may be established by a review of the record "as well as by various other means." As Defendant's claim is based on evidence allegedly contained both within and outside of the record, we determine that this issue should not be decided on appeal, but may be properly raised by Defendant in an application for post-conviction relief pursuant to La.Code Crim.P. arts. 930.3 and 930.8.

PRO SE ASSIGNMENT OF ERROR NO. 10
In his final pro se assignment of error, Defendant asserts that he was maliciously prosecuted based on the allegation that the State fabricated one of the counts of forgery against Defendant. Although Defendant's assignment alleges prosecutorial misconduct, his claim is based on a factual dispute. When the Defendant pled guilty to the forgery charge, this action is generally viewed as a waiver of all nonjurisdictional pre-plea defects, including sufficiency of the evidence. State v. Crosby, 338 So.2d 584 (La.1976); State v. McCullough, 615 So.2d 26 (La.App. 3 Cir.1993).
However, in State v. Robinson, 552 So.2d 994 (La.App. 4 Cir.1989), the court did review a fact-oriented claim of prosecutorial misconduct on appeal after the defendant had pled guilty in the trial court. The facts surrounding the claim were egregious and evidenced willful misconduct, in that the state had misled the defendant and the trial court into believing that the defendant was facing a more serious charge of distribution of cocaine when the assistant district attorney knew that the substance involved was *434 not cocaine. Under those facts, the fourth circuit remanded the matter to the trial court for a status hearing on the subject before concluding on appeal that the defendant's claim had merit. In the case sub judice, Defendant references bank records which he alleges will support his claim and which are not contained in the appellate record. Accordingly, we conclude that a review of this issue would properly be addressed in an application for post-conviction relief pursuant to La.Code Crim.P. arts. 930.3 and 930.8.

CONCLUSION
For the foregoing reasons, we find that Judge Godwin lacked authority to dispose of the issue of Defendant's probation violation, thus, we vacate the five (5) year sentences imposed on both counts in the matter of Defendant's probation violation and further order the district court to delete the provision by which the sentences imposed on the new convictions (Case Nos. 14068-94, 12586-95, 16854-95) were to run consecutively to the sentences imposed for the probation violation. Further, we remand the matter of disposition of the probation violation to the trial court which originally suspended imposition of sentence.
With respect to Defendant's pro se assignments of error, issues raised by the first, third, and seventh assignments were addressed in the errors patent review. The ninth assignment, involving ineffective assistance of counsel, and the tenth assignment, involving prosecutorial misconduct, should properly be raised in an application for post-conviction relief. All other pro se assignments of error lack merit.
REVERSED AND REMANDED WITH INSTRUCTIONS.
AMY, J., dissents.
NOTES
[1] Defendant originally filed a pro se pleading with the district court consisting of six (6) assignments of errorineffective assistance of counsel; mental and emotional instability of the defendant; innocence of the defendant; prosecutorial misconduct; lack of or defect in one or more bills of information; improper sentencing by trial court. Subsequently, Defendant filed a pro se brief with this court alleging ten (10) assignments of error. The issues presented by Defendant in the two (2) filings overlap. As such, we have addressed the issues as they are presented in the latter filing, that is the brief of ten (10) assignments of error.
[2] In Brently, 388 So.2d 386, the Louisiana Supreme Court noted that the 1977 amendment was a clarification and not a change in the law.