[,WOODARD, Judge.
The State of Louisiana (State) appeals the trial court’s denial of its Motion to Reconsider Sentence, which was filed after a new sentencing court revoked the probation of the defendant, Jack Watson, and sentenced him to three years, modifying the five years that were initially imposed on the defendant by the original sentencing judge before the defendant violated the terms of his probation. We reverse, vacate and remand with instructions.
FACTS
After being charged with fourth-offense driving while intoxicated, the defendant pled guilty on September 19,1994 to third-offense of the same, a violation of La.R.S. 14:98, and was ordered to serve a five-year sentence with the Louisiana Department of Corrections. Four of the five years of the sentence were suspended, and the defendant was placed on supervised probation for four years, subject to the following conditions: refraining from the consumption of alcohol, submitting to random drug and alcohol screens, paying $20.00 per month supervision fee to the Office ofJjProbation and Parole, refraining from driving a vehicle without an interlocking ignition device, completing sixty, eight-hour days of community activities, completing an advanced defensive driving course, and paying a fine of $1,500.00 plus court costs.
On February 21,1997, the defendant’s probation was revoked by another sentencing court based on the following violations raised by the Office of Probation and Parole: Driving While Intoxicated and Careless Operation, driving under the influence of alcohol, according to the interlock device in defendant’s automobile, bypassing the interlock device on many occasions, not performing community service, and not paying his fine *1063 and court costs as ordered. The defendant then received a three-year sentence with credit for time served; as a special condition, he was given credit for the six months served.
On April 29, 1997, the State filed a Motion to Reconsider Sentence that was denied by the trial court. The State now seeks appellate review.
ASSIGNMENTS OF ERROR
The State claims that the trial court erred in:
(1) Amending the defendant’s original sentence of five years with the Department of Corrections to three years because the sentence cannot be amended after its execution has begun, and if it can, only the original sentencing judge may amend or change the sentence imposed.
(2) Denying the State’s Motion to Reconsider Sentence, requesting the matter for re-sentencing and the original sentence be imposed, filed pursuant to Code of Criminal Procedure Article 881.1 and relief sought pursuant to Code of Criminal Procedure Article 881.
LAW
ERRORS Patent
After reviewing the record for errors patent pursuant to La.Code CrimJP. art. 920, we discovered one patent error involving the new sentencing court’s authority to amend the defendant’s original sentence. Since this mistake is also raised by the State as an assignment of error, we will discuss it below.
^Assignments of Error Numbers 1 and 2
The main issue on appeal is whether the revoking judge possessed the authority to amend the sentence imposed by the original judge. Because this issue affects both assignments of error, they will be addressed together. A careful review of case law and statutory authority leads us to only one permissible conclusion; that is, the revoking judge did not have the authority to amend the sentence of the original judge. As will be explained, such an amendment can only be made by the original sentencing judge.
The defendant argues that because a judge presiding over a probation violation hearing has wide discretion, the three-year sentence imposed on him by the new sentencing court could be upheld as a special condition of probation. We disagree. Although La.Code Crim.P. art. 900, as interpreted by State ex rel. Brently v. Dees, 388 So.2d 386 (La.1980), grants the court discretion to amend the sentence imposed, La.Code Crim.P. art. 881 places restrictions on when and by whom this may be done:
A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning or execution of the sentence.
B. After commencing of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation.
(Emphasis added). In this case, the new sentencing court lowered the five-year sentence to a three-year sentence after the execution of the defendant’s sentence. Because the defendant had already begun to serve his sentence, according to Article 881, the trial court was without legal authority to amend the sentence originally imposed. As in State v. Neville, 95-547 (La.App. 4 Cir. 5/16/95); 655 So.2d 785, writ denied, 95-1521 (La.9/29/95); 660 So.2d 851, where the trial judge was deemed to be without authority to reduce the defendant’s sentence from nine to five years after the defendant had already begun serving his sentence, the amendment of the sentence in this case is, likewise, impermissible.
We are also guided by the following Official Revision Comment to La.Code Crim.P. art. 881, as quoted by Neville: “[T]he judges [Louisiana district judges] are strongly against any provision ... which authorizes reduction of a sentence after the beginning of its execution. Such a procedure ... would virtually constitute the judge \ja ‘one man *1064 pardon board’_ ” (Emphasis original). Id. at 787. Based on this, the revoking judge in the instant case is prevented from imposing a more lenient sentence on the defendant.
In addition, we consider our decision in State v. Kendrick, 96-1636, (La.App. 3 Cir. 6/25/97); 699 So.2d 424, to be dispositive of the issue presented by the facts of this case. In that case, we held that since probation could be revoked only by the original court imposing the sentence, the second sentencing judge was without the authority to do so. Therefore, the amendment of the five-year sentence in this case by the new judge to three years cannot be acceptable.
It is also interesting to note that the statutory language used to describe the scope of review of illegal sentences carries with it a recurring theme. According to La.Code Crim.P. art. 881.5: “[T]he court may correct a sentence imposed by that court which exceeds the maximum sentence authorized by law.” (Emphasis added.) Similarly, La. Code Crim.P. art. 882(A) mandates that: “An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.” (Emphasis added.) Based on the rationale above, even if the defendant’s original sentence could have been amended, only the original sentencing judge could have acted accordingly.
Because the amendment of the original sentence was an error on the face of the record, the defendant’s amended sentence cannot stand. In this respect, our concerns go beyond those brought up by the defendant about lessening congestion in the dockets of the criminal court system. Accordingly, the trial court erred in not granting the State’s Motion to Reconsider Sentence.
CONCLUSION
Based on the foregoing, we reverse the denial of the State’s Motion to Reconsider Sentence, vacate the three-year sentence imposed below, reinstate the defendant’s original five-year sentence, set aside the probation revocation, and remand the case for a new revocation hearing before the original sentencing judge.
REVERSED, VACATED AND REMANDED WITH INSTRUCTIONS.