NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-144

STATE OF LOUISIANA

VERSUS

MICHAEL LEE JONES

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 86014
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

**CONVICTION AND SENTENCE AFFIRMED;
MOTION TO WITHDRAW GRANTED.**

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
Telephone: (337) 991-9757
COUNSEL FOR:
    Defendant/Appellant - Michael Lee Jones

Asa Allen Skinner - District Attorney, 30th Judicial District
P. O. Box 1188
Leesville, LA 71496-1188
Telephone: (337) 239-2008
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**Michael Lee Jones**
**Vernon Correctional Facility**
**2294 Slagle Road**
**Leesville, LA 71446**
  **Defendant/Appellant**

**THIBODEAUX, Chief Judge.**

The defendant, Michael Lee Jones, appeals the trial court's sentence of seven years for simple robbery. The sentence was imposed pursuant to a plea agreement between Mr. Jones and the State. Finding no error on the part of the trial court, we affirm.

I.

**FACTS AND PROCEDURAL HISTORY**

Michael Lee Jones was charged by bill of information in Vernon Parish with one count of armed robbery, a violation of La.R.S. 14:64, to which he pled not guilty. Subsequently, he pled guilty to the lesser offense of simple robbery, a violation of La.R.S. 14:65. At that time, Mr. Jones's counsel presented to the court a joint recommendation of seven years at hard labor, to run concurrently with a sentence that Mr. Jones would receive in Beauregard Parish, along with the dismissal of an unbilled charge of possession of marijuana. The trial court accepted both the plea and the recommendation, sentencing Mr. Jones to seven years at hard labor to run concurrently with a sentence he subsequently received in Beauregard Parish.

Mr. Jones filed a pro se "Motion to Review" seeking review of his sentence. The trial court treated the motion as a motion to reconsider sentence and ordered a hearing. Following the hearing, the trial court denied the motion.

The following factual basis for the crime was given by the State when Mr. Jones pled guilty:

> Yes sir, Judge. The State contends that back on December the 9th, 2013, that this suspect drove from

DeRidder, Louisiana. He parked his vehicle near the Vernon Medical Care business located at 111 Harriet Street in Leesville, approximately one city block away from City Savings Bank located at 400 South 5th Street. The defendant wearing a brown and tan Walls hooded jacket, green logo WORX ball cap with a Velcro square, blue jeans and armed with an eight inch lock blade knife in his right front pocket, entered the bank, walk [sic] to the customer self-help island, removed the bank deposit slip and with an ink pen that was there wrote a note stating, "stay calm, no dye packs, no marked bills, ten thousand dollars", then he presented the note to the bank teller, Cindy Twyman. Twyman was feared [sic] that the suspect was armed because he kept placing his hand in his pocket and per the bank policy she hands over fifteen hundred and eighty dollars and then this defendant fled the scene. When he was subsequently captured, Judge, he gave an admission to his involvement in this offense and ultimately he was arrested on, on [a] much greater charge. But, the State is accepting the tender to the lesser included of simple robbery in that this defendant didn't brandish the knife or anything of that nature.

Mr. Jones, through counsel, then stated that he "quite honestly forgot there was a pocket knife in his pocket when he went into the, the robbery at the bank."

II.

**LAW AND DISCUSSION**

***Errors Patent***

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is a possible error patent which was noted in the defendant's brief.

The bill of information is defective in that it does not name the person who was robbed inside the bank. It provides as follows:

COUNT 1: on or about December 9, 2013, did rob City Savings Bank in Leesville Louisiana by use of force or

2

intimidation, while armed with a dangerous weapon, in violation of R.S. 14:64 (Felony).

Louisiana Code of Criminal Procedure Article 465 provides for the short form indictment which requires that the individual victim of the armed robbery be named. In *State v. Cross,* 461 So.2d 1246, 1249 (La.App. 1 Cir. 1984), the defendant argued on appeal that the indictment was defective, where it stated that the defendant "'while armed with a dangerous weapon, robbed Minute Man Grocery Store . . . .'" The *Cross* court recognized the defect, but found that the defendant had suffered no prejudice, explaining in pertinent part:

> In *State v. James*, 305 So.2d 514, 516 (La.1974), the Supreme Court stated:
>
>> [W]here in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.
>
> In *State v. Gainey*, 376 So.2d 1240 (La.1979) and *State v. Pichler*, 355 So.2d 1302 (La.1978), the court applied the rationale of *State v. James*, *supra*, to cases in which a defendant raises a defect in the indictment prior to conviction. The court noted that any obscurity as to an offense charged could have been removed by a motion for a bill of particulars.
>
> In the instant case, defendant has shown no prejudice as a result of the technical insufficiency of the indictment. We find no merit in this assignment of error.

*Id.*

In *State v. Williams,* 04-1309 (La.App. 5 Cir. 4/26/05), 902 So.2d 485, *writ denied*, 05-1640 (La. 2/3/06), 922 So.2d 1173, *and writ denied*, 05-1640 (La. 2/3/06), 924 So.2d 144, the defendant argued that the bill of information was defective because it did not describe the things taken. The court explained:

> The time for testing the sufficiency of an indictment or bill of information is before trial by way of a motion to quash or an application for a bill of particulars. *State v. Gainey*, 376 So.2d 1240, 1243 (La.1979). A post-verdict attack on the sufficiency of an indictment should be rejected unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense. *State v. Williams*, 480 So.2d 721, 722, n. 1 (La.1985). Because defense counsel failed to file a motion to quash, we find defendant waived any claim based on the allegedly defective indictment. *State v. Manning*, 03-1982 (La.10/19/04), 885 So.2d 1044, 1090.

*Id*. at 500-01.

In this case, the bill of information was defective because it named the business instead of the individual who was robbed. However, Mr. Jones's attorney conceded at the guilty plea proceeding that the State had identified the victim of the crime as Ms. Cindy Twyman. Mr. Jones did not dispute the facts. Additionally, there was no objection or motion to quash the bill of information prior to the plea, and the defendant did not reserve his right to seek review of that claim on appeal. Furthermore, Mr. Jones's attorney concedes in her brief to this court that no prejudice was shown as a result of the error. Thus, we find that the error was waived.

### *"Anders" Analysis*

Mr. Jones's appellate counsel submitted a "Motion to Withdraw" and accompanying brief seeking to withdraw from her representation of Mr. Jones under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). In *State v.*

4

*Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis as follows:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for a defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "assure the court that the indigent defendant's constitutional rights have not been violated." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citations omitted). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the

5

defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Counsel has noted two potential issues and set forth appropriate reasons as to why those potential issues do not warrant an appeal. First, counsel noted that the original bill of information charging Mr. Jones with armed robbery incorrectly states that City Savings Bank was the victim of the robbery, where it should have stated that Cindy Twyman, the teller, was the victim. Citing much of the same jurisprudence set forth in our errors patent analysis, counsel noted that the defendant failed to preserve for appeal any complaint relative to the bill of information, nor can any prejudice be shown by the failure to name the person who was robbed in the bill of information.

Additionally, counsel addresses the issues presented by Mr. Jones in his pro se motion to reconsider the sentence. Both counsel and the trial court are correct in finding that Mr. Jones cannot appeal his sentence. Louisiana Code of Criminal Procedure Article 881.2(A)(2) states that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, based on this article, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "when a *specific* sentence or sentencing range is agreed to

by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *Id.* at 39.[1]

Mr. Jones's counsel actually presented the trial court with the joint recommendation of a seven-year sentence at the time Mr. Jones pled guilty. Additionally, Mr. Jones himself stated repeatedly at the November 19, 2014 hearing that he agreed to a sentence of seven years. As such, his sentence is not an issue appropriate for appeal.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts, and has confirmed the statements made by counsel. Mr. Jones was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea form. The trial court correctly informed Mr. Jones of his *Boykin* rights and discussed his possible sentence for simple robbery.

### Mr. Jones's Pro Se Brief

Mr. Jones filed a pro se brief assigning three errors, none of which have any supporting legal argument presented. It appears that Mr. Jones's claims are primarily based on his incorrect belief that he was charged with simple robbery, rather than armed robbery.

---

[1] *Jordan*, 716 So.3d 36, cites *State v. Watkins*, 97-364 (La.App. 3 Cir. 10/8/97), 700 So.2d 1172; *State v. Laroux*, 93-719 (La.App. 3 Cir. 2/2/94), 631 So.2d 730, *writ denied*, 94-577 (La. 6/3/94), 637 So.2d 498; and *State v. Lewis*, 633 So.2d 315 (La.App. 1 Cir. 1993). However, these cited cases preclude appellate review when sentencing is imposed according to a sentencing cap; they do not address the issue of sentencing imposed according to a jointly recommended sentence.

### Pro Se Assignment of Error No. 1

In his first assignment of error, Mr. Jones claims that his trial attorney provided ineffective assistance of counsel when she waived the reading of the bill of information during his arraignment. Generally, any claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief, not on appeal. *See State v. Kendrick*, 96-1636 (La.App. 3 Cir. 6/25/97), 699 So.2d 424, *writ denied*, 98-2159 (La. 12/18/98), 731 So.2d 280. Although Mr. Jones provides no legal argument as to why counsel's waiving of the reading of the bill should be considered deficient, we find that his claim should be relegated to post-conviction relief to give him an opportunity to present legal argument on the claim.

### Pro Se Assignment of Error No. 2

In his second assignment of error, Mr. Jones claims that his rights were violated by an "illegal search of his vehicle." Any objection to the unconstitutionality of a search and seizure is waived by a defendant's failure to file a motion to suppress. *See State v. Lewis*, 468 So.2d 557 (La.1985); *State v. Reynaga*, 93-1520 (La.App. 3 Cir. 10/5/94), 643 So.2d 431; *see also* La.Code Crim.P. art. 703. Because Mr. Jones has failed to allege that he filed a motion to suppress evidence prior to trial as required by La.Code Crim.P. art. 703, this assignment of error was waived.

### Pro Se Assignment of Error No. 3

In his final assignment of error, Mr. Jones again claims that his trial attorney was ineffective because she failed to inform him that he was charged with simple robbery, not armed robbery. While claims of ineffective assistance of counsel should not be decided on appeal, an appellate court should consider the

8

issue if the record contains sufficient evidence to decide the claim. *Kendrick*, 699 So.2d 424. In this case, the record clearly shows that Mr. Jones **was** charged with armed robbery and was allowed to plea to the lesser charge of simple robbery. His confusion appears to be based on the "Plea Agreement Memorandum" that he attached to his brief, which names the offense as simple robbery. However, the bill of information clearly charges Mr. Jones with armed robbery, a violation of La.R.S. 14:64. Therefore, this assignment of error is without merit, as it has no actual basis in fact.

## III.

## <u>CONCLUSION</u>

Based upon the foregoing, we find that Mr. Jones's first pro se assignment of error is relegated to post-conviction relief. The other two assignments of error are dismissed, as the second assignment of error was waived, and the third assignment of error lacks merit. We affirm the conviction and sentence of Mr. Jones, and we grant his counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.