|2DALEY, Judge.
The defendant, Darrell D. Varigaud[1], was charged with attempted second degree murder in violation of LSA-R.S. 14:27 and 14:30.1. On February 15, 1990, the trial court conducted a sanity hearing finding that the defendant lacked the mental capacity to proceed to trial and ordered that the defendant be “civilly committed” to the custody of the Department of Health and Human Resources. Thereafter, a subsequent sanity commission was appointed and a sanity hearing held on February 16, 1995 wherein the court found that the defendant was mentally competent to proceed to trial. The defendant then entered a dual plea of not guilty and not guilty by reason of insanity. Prior to trial, a plea bargain was reached where defendant pled guilty to attempted second degree murder. He was sentenced to 45 years at hard labor with credit for time served. On February 7, 1996, the defendant filed two Motions to Reconsider Sentence asserting several grounds including the ex-cessiveness of the lasentence, and on April 9, 1996, the trial court denied the motions. He now appeals alleging the trial court erred in refusing to allow him to withdraw his guilty plea because the sentence was not in accordance with the plea agreement. He also alleges the sentence imposed is excessive. For the reasons that follow, we affirm.
The Pre-sentence Investigation Report states the following regarding the facts of the offense:
According to Jefferson Parish Police Report ... on 12/30/89, at about 11:49 P.M., officers were dispatched to 1820 North Starrett in reference to an aggravated battery by shooting. Officers found a white female, later identified as Michelle Kam-mer, DOB 09/01/71, with a gunshot wound to her forehead and right neck area. An interview revealed that Ms. Kammer was shot by her boyfriend, Darrell Vaurigaud, white male, DOB 05/16/70, from whom she had recently broken up with about one week prior ...
On July 24, 1995, the defendant entered into a plea agreement in which he agreed to plead guilty to the charged offense of attempted second degree murder and the plea agreement contained the following restriction regarding sentencing:
Plea accepted subject to Pre[-]sentence Investigation by Probation and Parole Department with the following restriction[s:] Sentence shall not exceed 45 years and Court shall give serious consideration to recommendation of probation officer.
During the plea colloquy, the trial court read the plea agreement to the defendant with the defendant’s attorney present. When asked if he understood “the way the sentence would be determined,” the defendant answered affirmatively. After accepting the defendant’s plea, the trial court ordered a Pre-sentence Investigation Report in accordance with the plea agreement. The sentencing hearing was continued several times and, on January 18, 1996, the defendant filed a Motion to Withdraw his Guilty Plea. A hearing was set and the motion denied. Thereafter, a sentencing hearing was held and the defendant *112 was sentenced to 45 years at hard labor with credit for time served. On February 7,1996, the defendant filed two Motions to Reconsider |4Sentence asserting several grounds including the excessiveness of the sentence, and on April 9, 1996, the trial court denied the motions.
In his first assigned error, the defendant contends that the trial court erred in denying his motion to withdraw his guilty plea. The defendant argues that the trial court failed to seriously consider the Pre-sentence Investigative Report’s recommendation that he be imprisoned for a term not to exceed seven and one-half years and that such failure violated the plea agreement and rendered his guilty plea involuntarily. Additionally, the defendant urges this court to vacate the sentence and to remand the matter for an evidentiary hearing on whether the defendant had a justifiable belief that he would receive a sentence in accordance with the Pre-sentence Investigative Report.
In denying the defendant’s Motion to Withdraw Guilty Plea, the trial court stated the following, “The Court went over it [the plea agreement], and that’s in the Record, that’s part of the Record.... ” Subsequently, at the sentencing hearing, the trial court state, “The Court told this [Defendant that he is going to receive a maximum of forty-five years, that he could receive anything up to forty-five years as the time.”
LSA-C.Cr.P. art. 559(A) provides that the court may permit a plea of guilty to be withdrawn at any time before sentencing. However, the trial court has broad discretion with regard to the withdrawal of a guilty plea. See State v. Deakle, 372 So.2d 1221 (La.1979). Once a defendant has been sentenced, only guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. Dixon, 449 So.2d 463 (La.1984); State v. Walker, 94-340 (La.App. 5 Cir. 10/25/94), 645 So.2d 766. A guilty plea is constitutionally infirmed when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. State v. Gross, 95-621 (La. App. 5 Cir. 3/13/96), 673 So.2d 1058. If a defendant’s misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there is no grounds for invalidating the guilty plea. State v. Readoux, 614 So.2d 175 (La.App. 3 Cir.1993).
Furthermore, a defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Greer, 572 So.2d 1166 (La.App. 1 Cir.1990).
The record contains a Pre-sentence Investigation Report prepared by Linda F. Matthews, a Probation and Parole Specialist employed by the Louisiana Department of Public Safety and Corrections, and a Louisiana Sentencing Commission Sentencing Guideline Report also prepared by Linda Matthews. These documents are often referred to collectively as the pre-sentence investigation, but they are separate documents and are dealt with differently under our Code of Criminal Procedure.
C.C.P. art 875 sets forth the contents and purpose of a pre-sentence investigation.
C.C.P. art. 875.1 before its repeal set forth the requirement of a Sentencing Guideline Report. The Louisiana Sentencing Guidelines have since been repealed by Act No. 942 of the 1995 legislative session effective August 15,1995.
In the Pre-sentence Investigation Report submitted by the Department of Corrections in this case the department makes no recommendation as to the duration of the defendant’s incarceration. The report’s sentencing recommendations are limited to, 1) “because early release would depreciate the seriousness of the offense, Rhe (the defendant) is not recommended for Intensive Incarceration Supervision; and 2) because of the seriousness of this crime probation is not recommended.” The Sentencing Guideline Report indicates that the designated sentence range for a typical conviction for attempted first degree murder, 14:27:30.1, given this defendant’s lack of prior offenses, is incarcerated for a minimum of 60 months and a maximum of 90 months.
The Sentencing Guidelines were not in effect at the time the offense was committed on *113 December 30, 1989 and were repealed prior to the sentencing date of September 15,1995. The trial judge when accepting defendant’s guilty plea made no representation that he will sentence in compliance with the Sentencing Guidelines, but only asserts that he will seriously consider the pre-sentence investigation. The trial judge did guarantee that the term of imprisonment would not exceed 45 years.
Since the probation officer in the Pre-sentence Investigation Report only recommends against early release and probation and makes no recommendation as to the duration of the sentence, defendant has no basis to support his claim of unfairness except that the Sentencing Guideline Report, which was not in effect at the time of the offense or sentencing, was not followed.
It does not appear that the trial court failed to “seriously consider” the recommended sentencing range. The record shows the trial court considered the presen-tence investigation report and the sentencing guideline recommendation but disagreed with a term of imprisonment less than the maximum of 45 years as agreed to in the plea bargain. The record clearly indicates that this is not a typical attempted murder offense. Accordingly, we see no abuse in the discretion of the trial court in denying defendant’s Motion to Withdraw his Guilty Plea.
|7In his second assigned error, defendant contends the trial court failed to state for the record the considerations taken into account and the factual basis for imposing sentence as required by LSA-C.Cr.P. art. 894.1(C); therefore, his sentence should be vacated and the matter remanded for resentencing.
Initially, it is noted that the defendant did not include the issue of failing to comply with LSA-C.Cr.P. art. 894.1(C) in either of his Motions to Reconsider Sentence, nor did he make an argument regarding that issue at the hearing on the motions to reconsider sentence; thus the defendant is precluded from raising the issue on appeal. LSA-C.Cr.P. art. 881.1(D). See State v. Mims, 619 So.2d 1059, 1060 (La.1993), on remand, 626 So.2d 856 (La.App. 2d Cir.1993), writ denied, 93-2933 (La.2/11/94), 634 So.2d 373. Wherein the Louisiana Supreme Court noted that article 881.1 “only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.” See also State v. Scott, 634 So.2d 881 (La.App. 1 Cir.1993).
However, the defendant did assert the issue of excessiveness in one of the Motions to Reconsider and again at the hearing on the motions. Because a defendant need only allege that the sentence is excessive to preserve a claim of constitutional excessiveness, State v. Mims, supra, the defendant has preserved the issue of constitutional ex-cessiveness.
The Louisiana Constitution in Article 1, Section 20 prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentencing is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, |8it shock the sense of justice. State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428.
The Pre-sentence Investigation Report contains the following statement of the victim:
... He was banging on doors and windows, and then I heard a crash; he took a piece of lumber out of the yard and broke the glass in the front door. Before that I tried to call the police and he had cut the wires, but denied doing it. He grabbed me by the throat and was on top of me, strangling me. I passed out. When I came to, he had the gun and was standing over me. He said, “Come on, I’ll take you to the hospital.” He told me to walk in front of him. When we got to the door, I ran to the neighbor’s house and hollered Ricky, help me! Ricky came to the door and I said, “Don’t come out, he has a gun.” Then he shot at me and the bullet hit the neighbor’s door. I was running away from him and a gunshot went off, and he shot me in my head. It didn’t really hurt, but blood was running in my eyes, so I dropped to the ground. He pulled me back up by my arm and put the gun between my eyes and pulled the trigger. But, when he shot, the chamber was emp *114 ty. Then I fell to the ground, covered my head, and that’s when he came behind me and put the gun to the back of my neck; and he shot and broke my jaw eleven times. I looked back, and he ran away.
The 45-year sentence is neither grossly disproportionate to the severity of the crime nor does it amount to the purposeless and needless infliction of pain and suffering. This is a heinous crime in which the defendant obviously intended to kill the victim. She was extremely lucky that she was not killed. The defendant essentially stalked the victim, cut the phone wires to her house then chased and shot her in the head and neck. Then, as she lay on the ground, he placed the gun barrel between the victim’s eyes and pulled the trigger. Fortunately the chamber was empty and the victim’s life was spared. Accordingly, we see no error in the imposition of a forty-five year sentence.
We have reviewed the record for errors patent and find none.
RFor the foregoing reasons, we affirm both the refusal of the trial court to allow the defendant to withdraw his guilty plea and the trial court’s imposition of the maximum sentence agreed to in the plea bargain.
AFFIRMED.

. The bill of information incorrectly spells the defendant’s last name. The correct spelling is Vaurigaud.