762 So.2d 198 (2000)
STATE of Louisiana
v.
Ramsey PERRILLOUX.
No. 99-KA-1314.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 2000.
*200 Katherine M. Franks, Louisiana Appellate Project, Baton Rouge, Louisiana, Attorney for Appellant Ramsey Perrilloux.
John M. Crum, Jr., District Attorney, 40th Judicial District, Rodney A. Brignac, Assistant District Attorney, LaPlace, Louisiana, Attorney for Appellee State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CANNELLA, Judge.
Defendant, Ramsey Perrilloux, appeals the trial judge's rulings rescinding his guilty plea, reinstating his guilty plea and reducing his sentence from 15 to 10 years imprisonment at hard labor. We affirm the conviction, vacate the sentence and remand for re-sentencing.
Defendant pled guilty to attempted first degree robbery on December 14, 1998. As part of the plea agreement, the State agreed not to file habitual offender proceedings against the Defendant. Prior to *201 sentencing, the trial judge ordered a presentence investigation report (PSI).
The sentencing hearing was held on May 5, 1999. Before Defendant was sentenced, defense counsel asserted that a sentencing cap of 10 years had been agreed upon at the time of Defendant's guilty plea. The trial judge reviewed the guilty plea transcript, found no mention of a sentencing cap, and sentenced Defendant to 15 years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. The trial judge further ordered that the sentence be served concurrently with the sentence which he would have to serve as a result of probation revocation in another case. Defendant objected to the severity of the sentence and the trial judge informed him that his remedy was to file for a reconsideration of his sentence.
On May 24, 1999, Defendant filed a pro se Motion For Reconsideration of Sentence and/or Correction of Illegal Sentence, which was heard on August 11, 1999. Defendant claimed that he had entered into a plea bargain based on the assurance that he would not receive a sentence of greater than 10 years. He asserted that he would not have pled guilty had he not been promised such a sentencing cap. Defendant requested that his sentence be changed to 10 years. At the conclusion of the testimony, the trial judge stated that she remembered discussing a sentencing cap of 10 years with Defendant's counsel. On the chance that Defendant had relied on this discussion in entering his guilty plea, the trial judge vacated the plea, did not resentence the Defendant as requested, but ordered the case to be set for trial.
On August 31, 1999, Defendant filed a motion to quash the second Bill of Information, arguing that the trial court's ruling which vacated his plea subjected him to double jeopardy. The motion was argued on September 9, 1999, and the trial judge took the matter under advisement. On October 21, 1999, the trial judge issued a written judgment, in which she rescinded her ruling of August 11, 1999, and reinstated Defendant's guilty plea. The trial judge further ordered that Defendant's sentence be amended from 15 to 10 years, and that the sentence be served without benefit of parole, probation, or suspension of sentence. Defendant was not present on either September 9, 1999, or October 21, 1999.
The facts are recounted in the PSI, contained in the record. The record also contains the victim's brief testimony at a hearing on Defendant's motion to suppress the identification.
Joyce Charles testified that, on the evening of August 29, 1997, she drove to her cousin's house on Ormond Drive in the Sugar Ridge Subdivision. She stopped her car short of the driveway and got out of her car to move a garbage can that was blocking the way. Defendant approached with a gun pointing at her. He ordered her to give him her purse, or he would shoot her. She ran into her cousin's house, where she called 9-1-1. Defendant was later apprehended by police, and she identified him as the man who had attempted to rob her.
On appeal, Defendant asserts that he was subjected to double jeopardy when the trial judge vacated his plea agreement in response to his motion to reconsider or correct his sentence. Defendant also asserts that the PSI failed to comply with La.C.Cr.P. art. 875. Third, Defendant contends that the trial judge erred in ordering that any sentence which Defendant received as a result of a probation revocation in another case be served consecutively to the sentence imposed in this one.

THE PLEA AGREEMENT
In his pro se motion to reconsider or correct sentence, Defendant argued that the trial judge failed to comply with what he believed was a provision of the plea agreement, that he would receive no more that a 10 year sentence. The guilty plea transcript contains no mention of any *202 such agreement, and the guilty plea form signed by Defendant and his attorney is devoid of any reference to a sentencing cap. Defendant first mentions the 10 year condition of the plea agreement at the sentencing hearing. At that point, Defendant's counsel, who had not represented him at his guilty plea, advised the trial judge that Defendant had told him, "he had an understanding conveyed to him by his counsel, not me, at the time of the guilty plea, that there was going to be a sentence of no greater than ten years in this case." (R., p. 92). The trial judge stated that she had no independent recollection of such an agreement. She then sentenced Defendant to 15 years, based on the PSI.
Subsequently, a hearing was held on the motion to reconsider or correct sentence. At that hearing, the attorney who represented Defendant at his guilty plea, Geri Baloney, stated:
[I]n relationship to the sentence and the plea agreement, I had engaged in quite a bit of discussions with the District Attorney's Office in trying to reach a plea agreement, and we did not successfully reach a plea agreement in that case. I subsequently spoke with the judge about the impasse that, that I reached with the District Attorney's Office in attempting to negotiate agreement, and expressed that my client was desirous of entering a guilty plea. He did not want to go to trial. And it was in that conversation that it was discussed that the maximum sentence the judge, the judge did not state what sentence would be imposed. What was said was that not more than ten years would be imposed because the judge wanted to do a presentence investigation, or wanted to order a presentence investigation. And that is what I relayed to Mr. Perrilloux.
(R., p. 110).
Following argument, the trial court ruled:
I have no specific memory of this case. However, I do remember some months back having a Bench conversation with Ms. Baloney on a case in which she asked me if I would consider a cap of ten years on a case. And I said yes. At the time, looking back in this record, there's no way I would have known that this defendant had a record as his P.S.I. came back showing he had a record already. He had already served time. In all fairness to the Defendant though, if he did, in fact, rely on my conversation with Mrs. Baloney, I am going to allow him to vacate his plea and reset this matter for trial. So at this time I will order the plea vacated and I'm going to set this matter for trial .... [emphasis added.]
(R., pp. 121-122).
In Defendant's hearing on the motion to quash the second Bill of Information, he argued that the trial court subjected him to double jeopardy by rescheduling the matter for trial. The prosecutor responded, in argument, that he had not entered into an agreement for a sentencing cap. He said that, "There's no question that [the defense] wanted a ten year cap. They badgered me incessantly during plea bargaining negotiations for a 10 year cap. And the answer was always no." (R., p. 147).
We first note that the trial judge does not have the authority to enter into an ex parte plea agreement with a Defendant, or to enforce its terms. See: La. C.Cr.P. arts. 558 and 691. The district attorney is the only official with the authority to engage in a plea bargain on behalf of the State. See: State v. Anthony, 99-0107, p. 6 (La.App. 4th Cir. 4/27/99), 735 So.2d 746, 750, writ denied, 99-1360 (La.6/25/99), 746 So.2d 606. Thus, even if the trial judge did assure defense counsel in chambers that she would employ a 10 year sentencing cap, she did not have the authority to do so.
*203 Second, a guilty plea will not be set aside upon a Defendant's unfulfilled expectation of gaining release as early as possible. See: State ex rel. Turner v. Maggio, 463 So.2d 1304, 1306 (La.1985). However, if a guilty plea is induced by a plea bargain, or by what a Defendant justifiably believes was a plea bargain, and he pled guilty in part because of that justifiable belief, the bargain must be enforced or the relator be allowed to withdraw from the plea. See: State ex rel. Miller v. Whitley, 615 So.2d 1335, 1336 (La.1993). This applies only if the State was a party to the agreement. In that case, Defendant is entitled to a withdrawal of the plea, or enforcement of the sentencing cap, at his option. If the State was not a party to the term or terms of the agreement, then the Defendant is only entitled to withdraw his guilty plea. He is not entitled to enforcement of the sentencing cap.[1]See: State v. Berry, 31,861 (La.App. 2nd Cir. 3/31/99), 732 So.2d 638, 640; State v. Hamilton, 96-0807 (La.App. 4th Cir. 6/7/96), 677 So.2d 539, 542. Thus, the trial judge erred in instructing Defendant to file a motion to reconsider sentence to assert his allegations that the plea should be enforced as to the sentencing cap. The trial judge should have either, reduced the sentence upon a finding that the State agreed to the sentencing cap, or denied the motion. See: La.C.Cr.P. art. 881.1.
The record and the recollections of the trial judge and district attorney and defense counsel show that a sentencing cap was not actually part of the plea agreement. Counsel relied on discussions with the trial judge, who had no authority to confect a plea, and is not bound by any sentence guarantee made by the State. Defendant, nonetheless, believed that it was part of his plea agreement. At the hearing on his motion to reconsider or correct sentence, Defendant testified that he would not have pled guilty if he had known that he would not receive a sentence of 10 years or less. Because he relied on the assertions made by defense counsel, Defendant's choices were to either accept the sentence, or to withdraw his plea. He is not entitled to an enforcement of the alleged 10 year cap. However, it is clear that Defendant did not want or seek to have the plea agreement vacated.
Defendant argues that his subsequent prosecution for the same offense constituted a violation of his right against double jeopardy, because the trial judge vacated the conviction and sentence after it had become final. Defendant further argues that the trial judge's ruling on the motion to quash, which purported to "resurrect" the vacated conviction, and which re-sentenced him in absentia, is without effect and constitutes error.
The United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similar protections are offered by La. Const. art. I, § 15 and La. C.Cr.P. art. 591. C.Cr.P. art. 591 states that double jeopardy applies, except when Defendant, on his own motion, is granted a new trial, judgment is arrested, or where there has been a mistrial ordered, inter alia, with the express consent of Defendant. The protection against double jeopardy is divided into the: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a prosecution for the same offense after conviction; and (3) protection against multiple punishment for the same offense. See: State v. Smith, 95-0061 (La.7/2/96), 676 So.2d 1068, 1069. Under La. C.Cr.P. art. 592, when a defendant pleads guilty, jeopardy *204 begins when a valid sentence is imposed.
Defendant cites State v. Neames, 377 So.2d 1018 (La.1979), for the proposition that double jeopardy attaches even if the trial judge erroneously vacates a conviction. However, Neames is distinguishable on its facts. There, after a bench trial, Defendant was convicted of making harassing telephone calls. He was unrepresented by counsel. After sentencing Defendant, the trial judge obtained psychiatric information which showed that Defendant was mentally ill, and could not distinguish between right and wrong. As a result, the trial judge, ex proprio motu, set aside the Defendant's conviction and sentence, found him not guilty by reason of insanity, and ordered his commitment to a mental hospital for examination. Notably, Defendant exhibited symptoms of his mental deficiency during the trial.
In this case, Defendant did not seek to have his guilty plea withdrawn. He sought a reduction of his sentence. This relief was ultimately granted by the trial judge. Thus, we find that Defendant has not suffered any violation of his constitutional rights. However, we find that because he was sentenced the second time in absentia, and not in open court, as required by La.C.Cr.P. 835, the sentence must be vacated. Furthermore, on remand, Defendant must be resentenced in accordance with his understanding of the plea agreement, that he will receive no more than 10 years.
We address the next issues to prevent possible errors in the resentencing.

PRE-SENTENCE INVESTIGATION REPORT
Defendant argues that the PSI does not comply with the scope and intent of La.C.Cr.P. 875. He contends that it demonstrated the preparer's personal bias and prejudice by containing an unauthorized editorial comment by the preparer, a specific recommendation for the term of imprisonment, and it presented interviews with the district attorney and a ranking member of the police department, disguised as "community attitude". Defendant asserts that, in addition, the preparer improperly distributed the report to the district attorney, giving the State access to the full report while the trial judge denied such access to the defense counsel, despite request.
La.C.Cr.P. art. 875 A(1) provides, in pertinent part:
If a defendant is convicted of a felony offense or a misdemeanor offense that has been reduced from a felony, the court may order the Department of Public Safety and Corrections, division of probation and parole, to make a presentence investigation.... In making the investigation, the probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education, and personal habits.
The PSI consists of nine pages, including a copy of the police incident report in this case, and Defendant's criminal rap sheet. At the sentencing on May 5, 1999, the trial judge, of her own accord, allowed defense counsel to have the cover letter accompanying the report, the first page of the report, the rap sheet, and a page outlining a sentencing recommendation. Defense counsel asked whether he would be allowed to see the rest of the report, but did not object when the trial judge responded in the negative. Defense counsel objected to the report making a specific numeric recommendation regarding sentencing. He further complained that the portion of the PSI that he was given did not show that the probation officer had inquired into the Defendant's criminal history, his family situation and background, his employment or educational status, or personal habits, as provided under C.Cr.P. art. 875. The trial judge responded that those factors were covered in the portion *205 of the report which defense counsel had not been given.
La.C.Cr.P. art. 877 provides that a PSI shall be privileged, and that it may not to be disseminated to anyone, other than the sentencing court, the victim (or designated family member), the prosecutor,[2] or specified parole and probation officials. A defendant does not have an absolute right to demand the PSI, but the trial court may, in its discretion, allow the Defendant to review it. State v. Lanieu, 98-1260 (La.App. 1st Cir. 4/1/99), 734 So.2d 89, 95, writ denied, 99-1259 (La.10/8/99), 750 So.2d 962. Thus, the trial judge did not err in failing to offer the entire report to defense counsel.
A defendant has a constitutional right, however, to rebut a PSI if it is prejudicial to his case. In order to obtain an appellate review of the effects of a PSI on his sentence, a defendant must make a timely request for access to the PSI prior to sentencing, and must make some showing that the report contains false or misleading information prejudicial to him. Lanieu, 734 So.2d at 95; State v. Emerson, 31,408 (La.App. 2 Cir. 12/9/98), 722 So.2d 373, 381, writ denied, 99-1518 (La.10/15/99), 748 So.2d 470.
Defendant did not specifically allege that the report contained any false or misleading statements, nor did he object that the reasons given by the trial judge for the sentence was based on false or misleading information. In addition, the Defendant does not specifically point out, in brief to this Court, any factual inaccuracies contained in the PSI. However, in his appeal argument, Defendant asserts that no effort was made to contact individuals such as teachers, or a pastor who might provide relevant information about his background.
The PSI shows that Defendant was personally interviewed and that he was given the opportunity to submit letters of character. None were forthcoming. Furthermore, the trial judge was aware that Defendant had only an eighth-grade education. That was contained in the PSI. It was also reported by Defendant at the time of his guilty plea. Based on these factors, we find that the PSI satisfied the provisions of La.C.Cr.P. art. 875, and Defendant was not prejudiced by the report.

PATENT ERRORS
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337, 339 (La.1975); State v. Boudreaux, 95-153 (La.App. 5th Cir. 9/20/95); 662 So.2d 22, 28.
Defendant assigns as patent error that part of the sentence that orders his sentence in the instant case to be served consecutively to his probation revocation sentence in another case. We first note that, although the trial judge initially ordered that the sentences were to be served consecutively, she changed her mind and ordered that the sentences are to be served concurrently. However, it was error for the trial judge to order concurrent sentences. Only the judge who revokes the probation can order the sentence on a probation revocation to run *206 either concurrent or consecutively with the sentence on the later conviction. La. C.Cr.P. art. 901 C; State ex rel. Brently v. Dees, 388 So.2d 386, 388 (La.1980); State v. Kendrick, 96-1636 (La.App. 3rd Cir. 6/25/97), 699 So.2d 424, 429, writ denied, 98-2159 (La.12/18/98), 731 So.2d 280. The remedy for this error is to vacate the sentence and remand for re-sentencing. However, since we are vacating the sentence on other grounds, this error is noted for consideration by the trial judge in the resentencing.
We note another error in the sentencing that can be corrected when Defendant is resentenced. The record reflects that Defendant was not advised properly of the time limit for filing an application for post conviction relief, as required by La.C.Cr.P. art. 930.8. In advising the Defendant, the trial judge failed to inform Defendant that the time begins from the date that the conviction and sentence becomes final. Furthermore, we note that the 2 year prescriptive period is now applicable.[3]
Accordingly, Defendant's conviction is hereby affirmed. The sentence in absentia of 10 years imprisonment is vacated and the case is remanded to the trial court for re-sentencing in accordance with the plea agreement and the 10 year cap on the sentence.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.
NOTES
[1] La.C.Cr.P. art. 559(A) provides that the trial court may permit a plea of guilty to be withdrawn at any time before sentencing. However, the trial court has broad discretion with regard to the withdrawal of a guilty plea, and only guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. In addition, a Defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. State v. Vaurigaud, 96-807 (La.App. 5th Cir. 2/12/97), 690 So.2d 110, 112.
[2] The prosecutor in the instant case was given access to the PSI. Defendant incorrectly asserts that the trial court erred in allowing the prosecutor to view the report.
[3] As of December 14, 1998, the date of Defendant's guilty plea, La.C.Cr.P. art. 930.8 allowed a defendant three years from the day his conviction and sentence became final within which to file an application for post-conviction relief. An amendment to Article 930.8, effective August 15, 1999, shortens the prescriptive period to two years. See: 1999 La. Acts 1262. The amended prescriptive period is to be applied retroactively, without constituting a violation of ex post facto prohibitions. See, State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, 1201; State v. Boles, 99-662 (La.App. 5th Cir. 11/10/99). 750 So.2d 1059.