STATE OF LOUISIANA

VERSUS

STEVEN FERRARO

NO. 24-KA-163

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 19,487, DIVISION "C"
HONORABLE CONNIE M. AUCOIN, JUDGE PRESIDING

December 18, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Scott U. Schlegel

**AFFIRMED**
    **SUS**
    **SJW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Joel T. Chaisson, II
    Louis G. Authement

COUNSEL FOR DEFENDANT/APPELLANT,
STEVEN FERRARO
    Gwendolyn K. Brown

**SCHLEGEL, J.**

Defendant, Steven Ferraro, appeals his sentences for seven counts of possession of pornography involving juveniles, in violation of La. R.S. 14:81.1. For the reasons below, we affirm defendant's sentences.

*Procedural History*

On September 12, 2023, the St. Charles Parish District Attorney filed a fourth amended bill of information charging defendant with seven counts of pornography involving juveniles in violation of La. R.S. 14:81.1. Counts one, two, three, and seven, alleged that the children involved were under the age of thirteen, while counts four, five, and six, alleged that the children involved were under the age of seventeen. Defendant was arraigned on the same date and pled not guilty to all charges.

The case proceeded to trial before a twelve-person jury on November 14, 2023. After a four day trial, the jury found defendant guilty as charged on each of the seven counts. On November 20, 2023, defendant filed a motion for post-verdict judgment of acquittal, which the trial court denied on the same date. The trial court then set the matter for sentencing and ordered that a presentence investigation be conducted.

On January 22, 2024, prior to sentencing, defendant filed (1) a motion for disclosure of factual contents and conclusion of the presentence investigation (PSI) report, and (2) a presentence submission. The trial court denied the motion for disclosure without a hearing on January 23, 2024. The State filed an opposition to defendant's presentence submission.

On January 29, 2024, defendant re-urged his motion for disclosure of the PSI report, which the trial court denied as well. The trial court then sentenced defendant to imprisonment at hard labor for fifteen years without the benefit of

24-KA-163                                    1

parole, probation, or suspension of sentence on each count, with all the sentences to run concurrently, and ordered defendant to register as a sex offender.

On January 30, 2024, defendant filed a motion to reconsider sentence, which was denied. Defendant then filed a timely motion for appeal.

*Facts*

Agent April Lucia, an employee of the Louisiana Department of Justice Bureau of Investigation, Cyber Crime Unit, was accepted as an expert in the fields of general cyber crime investigation and digital forensic examinations, and an expert in several forensic examination software programs. She testified that in April 2019 and June 2019 she received cybertips from the National Center for Missing and Exploited Children of suspected online child sexual exploitation. After verifying that the images met the statutory requirements for being child pornography in Louisiana, she determined that the internet provider (IP) addresses reported in the cybertips belonged to Cox and AT&T. As a result, she sent subpoenas to both Cox and AT&T. The responses indicated that defendant was the subscriber with an address of 122 First Street, Apartment 7, in Paradis, Louisiana, and also identified defendant's phone number and his Cox email address. Agent Lucia also applied for search warrants to obtain the records for two separate Google accounts and a Tumblr account. After she obtained the return from Google, she conducted surveillance at the Paradis address, and determined that defendant lived in Apartment 8. She learned that he had previously lived in Apartment 7 but had never changed his address.

Agent Lucia testified that based on this information, she obtained a search warrant for Apartment 8 and an arrest warrant for defendant, both of which were executed on October 1, 2019. Defendant was present when she and other officers executed the search warrants. There was no indication that anyone other than defendant was living in the apartment. Agent Lucia explained that Agent Brian

Brown was also there at the time conducting a forensic preview of at least one of defendant's cell phones. She said that two cell phones, one of which had an SD card, and a laptop computer, were seized from defendant's residence. She recalled that a forensic preview was not done on the laptop because it was not functioning properly. She further recalled that while Agent Brown was inside, she and at least one deputy went outside, where she advised defendant of his rights. After he waived his rights, Agent Lucia interviewed defendant. The interview was audio recorded and played for the jury at trial.

Agent Lucia testified that in the interview, defendant admitted that he had lived alone for sixteen years, that he had his own internet bills, that he did not share his internet with anyone else, and that he used the internet to browse all types of pornography all the time to pleasure himself. She stated that defendant said it had been a while since he had looked at child pornography, but he admitted that he may have viewed child pornography. Defendant told her though that he had never touched a child. Agent Lucia recalled that defendant said he had a Google account but denied having a Tumblr account. She explained to defendant that the IP address showed law enforcement that the images in question were uploaded to his account from his internet service. The defendant confirmed this information but attempted to distance himself from the child prornography by telling Agent Lucia that child pornography "pops up" sometimes and that he usually goes away from it.

Agent Lucia testified that the images for which defendant was charged could not be in defendant's accounts due to identity theft because the images were uploaded over multiple accounts, at multiple times, over a long period of time. Further, there were images of defendant in the accounts that were placed there before and after the images. For it to be identity theft, she said that someone would have had to have been at defendant's home and using his internet. Defendant also told her that he did not share his passwords and that the account

24-KA-163                                    3

was password-protected. So statistically, the odds of the images being the result of identity theft were very small. Agent Lucia stated that defendant also told her he had a head injury and memory issues. She testified that after the interview, she went inside, where Agent Brown told her he had found child pornography on defendant's devices as well as on the Tumblr account. When confronted with that information, defendant told Agent Lucia he may have used the Tumblr account, but that he did not remember the password, and that it had been "a good while" since he had been on it. She stated that defendant gave them consent to access his cell phone.

Based on all of the information obtained, defendant was arrested and booked into the parish jail. Agent Lucia testified that a full forensic examination was completed on defendant's devices. She stated that Agent Brown was unable to do an extraction of one of the cell phones, but an extraction was done on the other cell phone and the SD card. Child pornography was located on both. Agent Lucia created a disc containing the seven images of child pornography that were the basis of the seven counts defendant was charged with in this case. She testified that these seven images, which were published to the jury, came from the cell phone from which she did the extraction.

The image for count one showed a prepubescent female lying nude on her back with an erect penis near her face. She estimated the female to be approximately eight to twelve years old. Count two showed an image of a prepubescent female lying on her back with her underpants pulled to her knees, lewdly exhibiting her vaginal area and anus. She estimated the child to be approximately six to ten years old. Count three was an image of a prepubescent female, partially clothed, with her shorts pulled down to her ankles, on her hands and knees, and facing away from the camera to lewdly exhibit her genitalia. She estimated that the child was under the age of thirteen. Count four showed an

image of a prepubescent female appearing nude in the shower with her hips protruding to the side in a sexually provocative pose with her arm up. She testified that this image was a lewd exhibition of the genitalia of the child, whom she estimated to be approximately eight to twelve years old. Count five showed an image of a prepubescent female likely over thirteen but under seventeen in a lewd exhibition of her genitalia with her hand on her hip protruding outward in a sexually provocative manner. Count six showed an image of a prepubescent female under the age of thirteen standing nude with her hand by her face and smiling into the camera. She believed that image constituted a lewd exhibition of genitalia as the child was posed in a sexually provocative manner. Count seven was a video of a female of toddler age being anally raped by an adult male. She thought that the child, who was crying during the video, was under the age of six and possibly under the age of three.

Agent Lucia subsequently testified about the other images that were found on defendant's devices, which were also shown to the jury but not charged in the bill of information. She testified that these seven uncharged items were relevant to the child pornography investigation because they indicate a clear sexual interst in children.

Agent Brown, supervisory special agent over the Cyber Crime Unit for the New Orleans and Monroe field offices, also testified at trial. He testified that he had assisted Agent Lucia and that he performed the forensic examination of defendant's cell phone.

*Law and Analysis*

A. *Alleged error related to PSI report*

Defendant's first assignment of error asserts that the trial court erred by denying his motion for disclosure of the factual contents and conclusions of the PSI report. He argues that the trial court relied upon inaccurate information

contained within the report in sentencing defendant, thus prejudicing his case. Defendant acknowledges that La. C.Cr.P. art. 877 gives the trial court discretion to allow a defendant to review a PSI report, but argues that a defendant has a constitutional right to rebut a PSI report if it is prejudicial to his case.

The State responds that the trial court did not err by denying defendant's motion. It further argues that the trial court has discretion to allow the defense to review the PSI report. The State asserts that although defendant timely requested the PSI report, defendant failed to state with any particularity what information contained in the PSI report may be false as required by the jurisprudence. It points out that the PSI report was based, in part, on a telephone call between a probation and parole officer and defendant, and that defendant provided them with his history, so defendant should surely know what was said.

At the sentencing hearing on January 29, 2024, defendant re-urged his motion for disclosure of the PSI report. Following arguments of counsel, the trial judge stated that she had reviewed the PSI report and that it included (1) a telephone call with the Louisiana Division of Probation and Parole and defendant regarding his family history, educational, personal, and family backgrounds which are a necessary part of the PSI; (2) a list of prior criminal arrests and convictions; and (3) letters from family and friends regarding defendant's lifetime struggles and his repeated desire to be helpful, especially after Hurricane Ida. The trial judge stated that the PSI report did not make a sentencing recommendation.

The trial judge again denied defendant's motion to disclose the contents of the PSI report and sentenced defendant on all counts, providing extensive reasons. The trial judge pointed out that La. C.Cr.P. art. 877(B) provides that it is within the court's discretion whether or not to disclose information contained in the PSI report to defendant, and that it would defeat the confidential nature of the presentence investigation under Article 877(C) if the report were made available to

defendant or his attorney. The trial judge found that it was within her discretion to deny defendant's original motion. Defendant re-urged his request before sentencing, which was also denied.

La. C.Cr.P. art. 877 provides the law regarding the protection of investigative reports as follows:

A. The presentence and postsentence investigation reports shall be privileged and shall not be disclosed directly or indirectly to anyone other than the sentencing court, the victim or the victim's designated family member, as defined in R.S. 46:1842, the prosecutor, members of the division of probation and parole within the office of adult services, the officer in charge of the institution to which the defendant is committed, the committee on parole, the probation or the parole officer if the defendant is placed on probation or released on parole, medical authorities directly involved in the defendant's rehabilitation or treatment if the defendant is committed to a hospital or a substance abuse program, the Board of Pardons, and the governor or his representative. However, this Article shall not require the disclosure of sources of confidential information.

B. Before imposing sentence the court may advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation report. The sources of confidential information shall not, however, be disclosed. If the defendant contests any information contained in the presentence report, the court shall provide the district attorney the same access to the report as was given to the defendant or his counsel. The district attorney may respond to the defendant's contentions concerning the information in the presentence report.

C. The presentence investigation report, edited to protect sources of confidential information, shall be made a part of the record if the defendant seeks post-conviction relief only on the grounds of an excessive sentence imposed by the court.

A defendant does not have an absolute right to demand the PSI report, but the trial court may, in its discretion, allow the defendant to review it. *State v. Perrilloux*, 99-1314 (La. App. 5 Cir. 5/17/00), 762 So.2d 198, 205. A defendant has a constitutional right, however, to rebut a PSI report if it is prejudicial to his case. *Id*. While La. C.Cr.P. art. 877(B) permits a sentencing court to advise a defendant and his counsel of the PSI report's factual contents and conclusions, the disclosure is limited to the sound discretion of the sentencing court. *State v. Frickey*, 22-261 (La. App. 5 Cir. 3/1/23), 360 So.3d 19, 47, *writ denied,* 23-468 (La. 11/8/23), 373 So.3d 59. In order for an appellate court to review the effects of

a PSI report upon a defendant's sentence, the defendant must orally object, request a hearing, move to traverse, or offer countervailing information before or during the sentencing hearing. *Id.* When a defendant timely moves for disclosure of the PSI report, alleging with particularity that it contains false information detrimental to the defendant, the district court errs if the contents (absent the source of confidential information) are not disclosed and the defendant is given an opportunity to contradict or explain substantially prejudicial information. *Id.*

Defendant's initial motion to disclose cited the cases of *State v. Owens*, 377 So.2d 316, 319 (La. 1979) and *State ex rel. Graffagnino v. King*, 436 So.2d 559, 566 (La. 1983). These cases were also discussed during the sentencing hearing and were argued again by defendant on appeal.[1] In *Owens*, the sentencing judge informed the defendant that the sentence was based on a pre-sentence investigation report which stated that defendant had been convicted of auto theft and embezzlement in California. Defendant's counsel objected and argued that defendant had only been convicted of misdemeanor burglary. The sentencing judge overruled the objection. The Louisiana Supreme Court held that the sentence imposed was based on materially and prejudicially false information, vacated the sentence, and remanded for resentencing. In *dicta*, the Supreme Court recommended that sentencing judges follow the procedure set forth in the American Bar Association Project on Minimum Standards for Criminal Justice because such a procedure promotes consitutional due process and fairness. In *Graffagnino*, *supra*, the Louisiana Supreme Court did not consider any alleged

---

[1] At the sentencing hearing, the trial court distinguished *Owens* and *Graffagnino* on the grounds that both of these cases predate the enactment of La. C.Cr.P. art. 877. As discussed further below, these cases are distinguishable. However, Article 877 has been in effect since at least 1966. Although there have been changes through the years, Article 877 has never required that the PSI report be turned over to the defendant. Changes have been made to Article 877 over the years to extend the categories of people to whom the PSI report may be disclosed. For example, Acts 1999, No. 148, § 1, inserted "the victim or the victim's designated family member, the prosecutor" as people to whom the report may be disclosed. But the issues in Article 877 that are relevant to this case have not changed, i.e., turning over the PSI to a defendant is subject to the discretion of the trial court.

false information or irregularities in the PSI because the defendant raised the issue for the first time on appeal.

Thus, defendant's citation to the cases of *Owens* and *Graffagnino* are not persuasive because the trial court was not required to follow the procedures discussed in *Owens* as to the American Bar Association Project on Minimum Standards for Criminal Justice, and *Graffagnino* did not discuss the issue. Instead, following Article 877, the trial court in the case at bar had the discretion to turn over the PSI report or to deny the request. *See* La. C.Cr.P. art 877, Official Revison Comment–1966(c)("Even the revealing of the contents and conclusions of the report rests squarely in the discretion of the court that ordered the investigation. In this regard the 1960 Reporter's Comment concludes, 'It should be remembered that the offender has either been found or pleaded guilty and the pre-sentence investigation report is merely an aid in sentencing him.'")

Here, while defendant timely requested the PSI report, defendant failed to state with particularity what information in the PSI may be false. Rather, defendant indicated that he wanted to verify that the contents of the PSI report were accurate. This is a blanket request that could be used in every criminal case in which a defendant could look for alleged falsehoods that do not actually exist. Allowing such a request would completely undermine the widely followed requirement that the request be made with particularly as to what false information is believed to be included in the PSI report.

Defendant also cites *State v. Lanieu*, 98-1260 (La. App. 1 Cir. 4/1/99), 734 So.2d 89, 95, *writ denied,* 99-1259 (La. 10/8/99), 750 So.2d 962, *abrogation on other grounds recognized in Holmes v. Louisiana Dep't of Pub. Safety & Corr.,* 2011-2221 (La. App. 1 Cir. 6/8/12), 93 So.3d 761, 764, *writ denied*, 12-1788 (La. 12/14/12), 104 So.3d 436, asserting that the defendant has a constitutional right to rebut a PSI if it is prejudicial to his case. We agree with defendant's assertion that

defendants generally have the right to rebut a PSI report if the report is prejudicial to his case. But that does not mean defendants are allowed to go on a fishing expedition and reveiew every PSI report before sentencing. In *Lanieu*, the trial court's decision to deny defendant's request to review the PSI report prior to sentencing was affirmed on appeal because defendant failed to allege with any particularity that the PSI report contained false information detrimental to the defendant. The defendant in *Lanieu* also failed to object to reasons stated by the court as being false and did not ask to rebut the information. *Lanieu*, 750 So.2d at 95-96.

Like *Lanieu*, defendant in the present case failed to state with particularity what information in the PSI he thought may be false and failed to make any objections to the court's reasons for sentencing. Further, defendant did not ask for the opportunity to rebut any of the information relied upon by the court after the trial judge provided detailed reasons, including that defendant had been arrested in 2007 for possession of child pornography and had been convicted of a felony for possession of cocaine. Defendant simply objected to the sentences as excessive.

Defendant now argues that he had always disputed the assertions that the photos in 2007 contained pornography. We are not persuaded. The information as to the arrest was known to defendant at the time of sentencing, was not materially inaccurate, and could have been argued or objected to during the sentencing hearing. On the present facts, we conclude that the trial court did not abuse its discretion in not giving the PSI report to defendant.

B. *Alleged errors related to sentencing*

In his second and third assignments of error, defendant claims his sentences are excessive and that the trial court erred in denying his motion to reconsider the sentences. Defendant submits that the trial court erred by failing to give adequate consideration to the factors designated in La. C.Cr.P. art. 894.1 as appropriate for

consideration when tailoring a sentence, and in relying upon incorrect information regarding a prior arrest for possession of child pornography.

Specifically, defendant argues that he was 54 years old at the time he was sentenced and is disabled;[2] thus, the fifteen year terms could potentially prove to be a life sentence for someone who was not engaged in a crime of violence and who did not physically contact a child. Further, because these charges are defined as sex crimes, he is not entitled to diminution of sentence, and will serve every day of the sentence. Defendant asserted that he does not have an extensive criminal record, and had only one prior felony conviction, for possession of a small amount of cocaine, which occurred in 2007. Defendant argues that individuals convicted of possession of child pornography are not likely to re-offend. Defendant also asked the trial court to give lighter sentences based upon the argument that federal judges have been giving lighter sentences in nonproduction child pornography cases. Defendant argued that the sentence should be the minimum on each count to run concurrently, which would result in a ten-year sentence.

The State responds that the trial court has broad discretion when imposing a sentence, and that the trial court did not commit manifest abuse of that discretion. Further, defendant's background supports the sentences assigned by the trial court.

At the sentencing hearing, after hearing the arguments of counsel, the trial judge said that she had reviewed the defendant's presentence submission and the PSI report, which included letters from family and friends regarding defendant's lifetime struggles and his repeated desire to be helpful, especially after Hurricane Ida. She stated that she also reviewed the United States Sentencing Commission report, regarding nonproduction child pornography sentencing and federal guidelines and regulations. The trial judge averred that in determining the

---

[2] The evidence adduced at the trial indicated that defendant had a previous head injury and had memory problems.

appropriate sentence, she considered the factors in La. C.Cr.P. art. 894.1, specifically number twelve that "[t]he offender was persistently involved in similar offenses not already considered as criminal history or as a part of a multiple offender adjudication." The trial judge stated that defendant was previously arrested in Jefferson Parish in 2007 for possession of child pornography.

The trial judge also noted factor 28 in Article 894.1, "defendant has no history of prior delinquency or criminal activity or has held a law-abiding life for a substantial period of time before the commission of this instant crime." The trial judge stated that defendant had been previously convicted of a felony regarding the possession of cocaine, and that there were several other arrests contained in the PSI report. She also indicated that there were mitigating factors under Article 894.1, and that she believed that defendant did not contemplate that his criminal conduct would cause or threaten serious harm under factor 23. The trial judge noted that under factor 31, the imprisonment of defendant would entail excessive hardship to himself and/or any dependents and/or family members. She also noted factor 33 and considered that defendant was 54 years old and disabled, and that he would serve every day of his sentence.

Additionally, the trial judge "heavily" considered the testimony which suggested that child pornography does not just "pop up" onto a defendant's computer. She stated that Agent Lucia testified at length as to what was necessary for child pornography to appear on a defendant's server, computer, phone, and other devices. The trial judge stated that there were several overt and conscious decisions made by defendant when he elected to upload each of the seven images of child pornography on his various devices. She noted that although there was no victim present in court, this did not mean there were no victims of defendant's crimes. Specifically, the trial court pointed out that the "screaming toddler" being penetrated in a video in count seven would suggest that there was a victim of this

crime. She pointed out that three of the other counts involved victims under thirteen, and that the other three counts involved victims under the age of seventeen.

The trial judge stated that if the individuals who wrote the letters supporting defendant had been in court and witnessed the video of a toddler being raped as well as the photographs that comprised the other counts, their letters might have been different. She stated that she was aware that other courts had been more lenient and sentenced defendants to lesser amounts in similar cases. However, it was her opinion that the only way to eliminate the abuse of child victims was to eliminate the market that profited from their "torture." Consequently, the trial judge sentenced defendant to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence on each of the seven counts to run concurrently.

The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. *State v. Bell*, 23-85 (La. App. 5 Cir. 10/31/23), 374 So.3d 986, 998; *State v. Calloway*, 19-335 (La. App. 5 Cir. 12/30/19), 286 So.3d 1275, 1279, *writ denied*, 20-266 (La. 7/24/20), 299 So.3d 69. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. *Bell*, 374 So.3d at 998–99; *State v. Woods*, 18-413 (La. App. 5 Cir. 12/19/18), 262 So.3d 455, 460.

In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. *Bell*, 374 So.3d at 999; *Calloway, supra*. The trial judge is afforded broad discretion in sentencing, and a reviewing court may not set aside a sentence for excessiveness if the record supports the

sentence imposed. La. C.Cr.P. art. 881.4(D). The relevant question on appeal is whether the trial court abused its broad sentencing discretion not whether another sentence might have been more appropriate. *Bell*, *supra*; *State v. Dixon*, 19-7 (La. App. 5 Cir. 12/30/19), 289 So.3d 170, 174, *writ denied,* 20-143 (La. 7/17/20), 298 So.3d 176. The sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Hankton*, 20-388 (La. App. 5 Cir. 7/3/21), 325 So.3d 616, 623, *writ denied*, 21-1128 (La. 12/7/21), 328 So.3d 425.

In reviewing a trial court's sentencing discretion, three factors are considered: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. *Bell*, *supra*; *Woods, supra*; *State v. Allen*, 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 880. However, there is no requirement that specific matters be given any particular weight at sentencing. *Woods*, 262 So.3d at 460-61.

Defendant argues that the trial court improperly considered defendant's 2007 arrest for pornography prior to sentencing. When determining the sentence to be imposed, a trial court is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. *State v. Arceneaux*, 19-472 (La. App. 5 Cir. 1/29/20), 290 So.3d 313, 316, *writ denied,* 20-324 (La. 5/14/20), 296 So.3d 608. The sentencing court may rely on sources of information usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. *Id*. *citing State v. Myles*, 94-217 (La. 6/3/94), 638 So.2d 218, 219). The trial court may consider these matters, even in the absence of proof that the defendant committed the other offenses. *Id*. Thus, we find that the trial court did not err by considering defendant's 2007 arrest for pornography among the many factors that it considered in imposing defendant's sentences.

As to counts one, two, three, and seven, where the victims were under the age of thirteen and the offender was seventeen years of age or older, the sentencing range was ten to forty years at hard labor without the benefit of parole, probation, or suspension of sentence. *See* La. R.S. 14:81.1(E)(5)(a). As to counts four, five, and six, where the victim was under the age of seventeen, the sentencing range was five to twenty years at hard labor without the benefit of parole, probation, or suspension of sentence and a fine of not more than $50,000. *See* La. R.S. 14:81.1(E)(1)(a). The trial court sentenced defendant to fifteen years at hard labor without the benefit of parole, probation, or suspension of sentence on each of the seven counts to run concurrently.

In the present case, as to counts one, two, three, and seven, the trial court's imposition of fifteen years results in a sentence just above the minimum and well below the maximum. As to counts four, five, and six, where the victim was under the age of seventeen, the sentences were again below the maximum. Furthermore, the sentences on each count were ordered to run concurrently with one another instead of consecutively. "One who intentionally possesses child pornography can be charged on a separate count, and sentenced separately for each count upon which he or she is convicted, for each child in each sexual performance captured within photographs, films, videotapes, and/or other visual reproductions that comprise the defendant's collection of child pornography." *State v. Bradley*, 22-381 (La. App. 5 Cir. 3/1/23), 360 So.3d 562, 572, *citing State v. Fussell*, 06-2595 (La. 1/16/08), 974 So.2d 1223, 1238.

This Court has upheld as constitutional longer sentences for possession of pornography involving juveniles under the age of thirteen than was imposed in this case. For example, in *Bradley*, *supra*, this Court upheld sentences of 25 years at hard labor without the benefit of probation, parole, or suspension of sentence for each of the defendant's six convictions for possession of pornography involving

juveniles under the age of thirteen. This Court recognized that defendant could have received a 40 year sentence for each conviction. Similarly, in *Bell*, *supra*, this Court upheld the defendant's sentence of 25 years without benefit of probation, parole, or suspension of sentence for possession of pornography involving juveniles under the age of thirteen. The defendant was a 62-year-old man with no prior criminal history. Similar to the present case, many of the images depicted graphic acts of physical sexual abuse of children, some who appeared to be as young as toddler age. And like the trial court in *Bell*, the sentencing court in this case specifically stated that it had considered all of the aggravating and mitigating factors pursuant to the sentencing guidelines.

The Louisiana Supreme Court has stated, "[w]hile comparisons with other similar cases are useful in itself and sets the stage...the focus of sentence review remains on the character and propensities of the offender and the circumstances of the offense." *State v. Adams*, 23-427 (La. App. 5 Cir. 4/24/24), 386 So.3d 676, 687, *citing State v. LeBlanc*, 09-1355 (La. 7/6/10), 41 So.3d 1168, 1173. Furthermore, "[a]lthough a comparison of sentences imposed for similar crimes may provide guidance, '[i]t is well settled that sentences must be individualized to the particular offender and to the particular offense committed.'" *Id*. Moreover, the relevant inquiry is not whether a different sentence might have been more appropriate but whether the district court abused its broad sentencing discretion. *Id.*, *citing State v. Smith,* 01-2574 (La. 1/14/03), 839 So.2d 1, 4.

After review, we find that the trial court did not abuse its discretion. We further find that the record supports the sentence imposed. Defendant's sentences are not unconstitutionally excessive, not out of proportion to the seriousness of the offenses, do not purposely and needlessly inflict pain and suffering, do not shock the sense of justice, and are consistent with sentences for similar crimes by this

Court.  In addition, the concurrent fifteen year sentences imposed on defendant by the trial court were within the statutory sentencing range.

*Errors Patent Review*

We reviewed the record for errors patent according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).  Review of the record reveals that the trial court did not provide a complete advisal to defendant of the prescriptive period to seek post-conviction relief pursuant to La. C.Cr.P. art. 930.8.  The sentencing transcript reflects that the judge incorrectly informed defendant that he had "two years from the date of this sentence to file postconviction relief."  The minute entry shows, however, that defendant was given notice under La. C.Cr.P. art. 930.8 of the two-year prescriptive period for post-conviction relief.  When there is a discrepancy between the transcript and the minute entry, the transcript prevails.  *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

If a trial court fails to advise, or gives an incomplete advisal, as required by La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion.  *State v. Tate*, 22-570 (La. App. 5 Cir. 6/21/23), 368 So.3d 236, 250.

Accordingly, by way of this opinion, we advise defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

*Decree*

For the foregoing reasons, we affirm defendant's sentences.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 18, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KA-163

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CONNIE M. AUCOIN (DISTRICT JUDGE)
LOUIS G. AUTHEMENT (APPELLEE)          GWENDOLYN K. BROWN (APPELLANT)

**MAILED**
HON. JOEL T. CHAISSON, II (APPELLEE)
DISTRICT ATTORNEY
DEANNE R. WILLIAMS (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-NINTH JUDICIAL DISTRICT
COURT
POST OFFICE BOX 680
HAHNVILLE, LA 70057